George HIMLER, Suzanne McGrath, Philip Feldman, Alan Montrose, Robert Gildon, and Barash Goodfriend Accountancy Corp. Profit Sharing Trust dtd 12/15/83 for Benefit of Edward Friedman, Plaintiffs,

v.

COMPREHENSIVE CARE CORPORATION, W. James Nicol, B. Lee Karnes, Robert L. Kasselmann, Warren G. Elliott, Robert G. Hunter, Stanley Nelson, and Thomas E. Nesbitt, Sr., Defendants.

Civ. A. No. 89–763–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

May 6, 1992.

Thomas F. McPhaul, Linda Laibstain, Norfolk, Va., Michael I. Smith, Scott R. Shepherd, Dilworth, Paxson, Kalish & Kauffman, Washington, D.C., Ronald I. Futterman, Futterman & Howard, Chtd., Chicago, Ill., Roger W. Kirby, Jeffrey H. Squire, Kaufman Malchman Kaufmann & Kirby, Joshua N. Rubin, Abbey and Ellis, Richard Appleby, New York City, Berger & Montague, Philadelphia, Pa., for plaintiffs.

Bernard M. Ryan, Schwabe, Williamson & Wyatt, Portland, Or., Geoffrey F. Birkhead, Bryant C. McGann, Vandeventer, Black, Meredith & Martin, Norfolk, Va., for defendants.

## ORDER

CLARKE, District Judge.

This matter is before the Court on simultaneous motions by the plaintiffs to voluntarily dismiss the case with prejudice and supplement the record for appeal. For the reasons stated below, the Court denies plaintiffs' motion to supplement the record on appeal and grants the motion to dismiss with prejudice.

## Facts

By Order dated August 3, 1990, this Court denied plaintiffs' motion for class certification. On March 15, 1991, the parties filed with the Court a stipulation of settlement, proposing a settlement through class action. Through conferences and correspondence the Court and counsel of record discussed the propriety of a class action settlement. By Order dated December 10, 1991, this Court refused to grant approval for the proposed class action settlement. On April 23, 1992, plaintiffs filed with the Court a motion to voluntarily dismiss their case with prejudice. Simultaneously, plaintiffs filed with the Court a motion to supplement the record, seeking the inclusion of only five of the many letters between Court and counsel discussing the stipulation of settlement by class action. On April 29, 1992, a hearing was held to determine the merits of plaintiffs' motions to supplement the record and voluntarily dismiss with prejudice. At the hearing plaintiffs represented to the Court that they were moving to voluntarily dismiss the case with prejudice so that they could appeal the denial of their original motion to proceed as a class action.

## Discussion

Rule 10(a) of the Federal Rules of Appellate Procedure provides:

> The original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court shall constitute the record on appeal in all cases.

The term "original papers" refers to "all papers presented to the district court and filed in the record and to all papers filed by the district court itself." James W. Moore, et al., Moore's Federal Practice para. 210.04 (2d ed. 1992). The record includes: "all pleadings; process and proof of service; motions; supporting papers, and orders in response thereto; instructions to the jury, and in an action tried without a jury, the master's report, if any; the verdict or the findings of fact and conclusions of law with any direction for entry of judg-

ment; the opinion; the judgment and the notice of appeal." Id.

Rule 10(e) of the Federal Rules of Appellate Procedure allows a district court to supplement the record. A district court may modify or supplement the record: (1) if any difference arises as to what actually occurred before it, or (2) if anything material to either party is omitted from the record by error or accident. Fed.R.App.P. 10(e).

■ After considering all memoranda and argument, the Court concludes that the record should not be supplemented. The letters only reflect the initial tentative concerns of the Court; they do not state the Court's final conclusions about the propriety of originally denying class action status to the case or denying the attempts to settle by a class action. The Court's final conclusions and reasoning are contained exclusively in its Orders of August 3, 1990 and December 10, 1991. These Orders are a part of the record. The record therefore accurately reflects what occurred before this Court and does not need to be supplemented.

■ Further, the plaintiffs may not appeal the denial of class certification by voluntarily dismissing their case with prejudice. Ordinarily a plaintiff cannot appeal from a motion to dismiss without prejudice because it does not qualify as an involuntary adverse judgment so far as the plaintiff is concerned. Unioil, Inc. v. E.F. Hutton & Co., 809 F.2d 548, 555 (9th Cir.1986), cert. denied, 484 U.S. 822, 108 S.Ct. 83, 98 L.Ed.2d 45 (1987); LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 603 (5th Cir.1976). "This rule can be easily understood since the plaintiff has acquired that which he sought, the dismissal of his action and the right to bring a later suit on the same cause of action, without adjudication on the merits. The effect of this type of dismissal is to put the plaintiff in a legal position as if he had never brought the first suit." LeCompte, 528 F.2d at 603.

■ A plaintiff generally can appeal from a dismissal with prejudice. "There the dismissal actually goes to the merits of

the case and is considered a final appealable order so that the plaintiff may appeal therefrom." *Id.* Moreover, in most circuits a voluntary dismissal to which *the court* attaches conditions which legally prejudice plaintiff may be appealed. *Unioil*, 809 F.2d at 554–56.

■ However, plaintiff normally cannot appeal if he moves to voluntarily dismiss his case with prejudice. *Empire Volkswagen Inc. v. World–Wide Volkswagen Corp.*, 814 F.2d 90, 94 (2d Cir.1987). A limited exception to this rule exists where a Court has made a decision which effectively disposes of the case and plaintiff seeks a voluntary dismissal with prejudice to expedite review. *United States v. Proctor & Gamble*, 356 U.S. 677, 680–81, 78 S.Ct. 983, 985, 2 L.Ed.2d 1077 (1957); *Empire Volkswagen*, 814 F.2d at 95; *Raceway Properties, Inc. v. Emprise Corp.*, 613 F.2d 656, 657 (6th Cir.1980).

In the case at bar plaintiffs have sought a voluntary dismissal with prejudice, which is generally not appealable. While appeal has been permitted in a few cases, those cases involved situations where the court rendered an adverse interlocutory order which affected the merits of the case or the level of proof required, effectively deciding the case. *See, e.g. Raceway Properties*, 613 F.2d at 657 (plaintiffs could appeal court's determination of relevant market following voluntary dismissal). This is not such a case; denial of a motion for class certification does not affect the merits or the level of proof required. The voluntary dismissal with prejudice sought by plaintiffs in this case is not appealable in the opinion of this Court.

■ Further, the Court notes that denial of class certification is not an appealable final order. *Knafel v. Pepsi Cola Bottlers of Akron, Inc.*, 850 F.2d 1155 (6th Cir. 1988); *Salazar–Calderon v. Presidio Valley Farmers Ass'n*, 765 F.2d 1334 (5th Cir. 1985), *cert. denied*, 475 U.S. 1035, 106 S.Ct. 1245, 89 L.Ed.2d 353 (1986); *DeMasi v. Weiss*, 669 F.2d 114 (3d Cir.1982); *Kramer v. Scientific Control Corp.*, 534 F.2d 1085 (3d Cir.1976), *cert. denied*, 429 U.S. 830, 97 S.Ct. 90, 50 L.Ed.2d 94 (1976). While several courts have found that an order denying class certification merges into a final adverse judgment which results from the class representative's failure to prosecute its own case, rendering the order appealable, *see Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176 (2d Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 675, 112 L.Ed.2d 667 (1991), these holdings rest upon the supposition that the final judgment is an appealable *involuntary adverse* final order. In this case the voluntary dismissal is not appealable; the denial of certification will merge, if at all, into a final judgment which is not appealable. By employing this procedure to appeal the denial of their motion for class certification, plaintiffs are in effect attempting to sidestep the rule that interlocutory orders are not appealable as well as the rule that voluntary dismissals with prejudice by plaintiffs are not appealable. This Court has no desire to dignify plaintiff's lack of a right to appeal by providing a supplemental record for appeal.

The Court has communicated its concerns to plaintiffs regarding the appealability of a case which is voluntarily dismissed with prejudice by a plaintiff. Plaintiffs have maintained their desire to voluntarily dismiss their case with prejudice so that they may appeal the denial of class certification. Accordingly, the Court grants plaintiffs' motion to voluntarily dismiss their case with prejudice.

For the reasons stated above, the Court DENIES plaintiffs' Motion to Supplement the Record and GRANTS plaintiffs' Motion to Dismiss their case with prejudice.

IT IS SO ORDERED.