Freddie D. GIBSON, Jr.,
Petitioner-Appellant,

v.

Frank BLACKBURN, Warden, et al.,
Respondents-Appellees.

No. 84–3008
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 25, 1984.

Freddie D. Gibson, Jr., pro se.

William C. Credo, III, Asst. Dist. Atty.,
Elizabeth M. Gaudin, Gretna, La., for re-
spondents-appellees.

Before GEE, JOHNSON, and DAVIS, Circuit Judges.

JOHNSON, Circuit Judge.

Petitioner Freddie D. Gibson, Jr., seeks habeas corpus relief from his conviction for armed robbery. The district court found all grounds alleged for relief to be without merit and denied Gibson's petition for habeas corpus relief. After consideration of Gibson's eleven points of error, we agree that Gibson's claims for relief are without merit and affirm.

I. *Background*

Only one of Gibson's claims merits discussion beyond the district court's analysis. That claim concerns the pre-trial identification process. The discussion of the facts is limited to those material to this claim. A fuller exposition of the facts surrounding this case may be found in the opinion of the Louisiana Supreme Court, which affirmed Gibson's conviction on direct appeal. *See State v. Gibson*, 391 So.2d 421 (La.S.Ct. 1980).

Petitioner Gibson is serving a 50-year sentence for his armed robbery conviction. He was charged with the robbery of Keith Milano, a drugstore cashier, on the evening of December 27, 1977. The robber drove from the scene in a 1965 blue Chevelle, but promptly abandoned it. Shortly after the crime, a man entered the apartment of Nancy Schmitt. The apartment was located within one or two blocks of the drugstore where the robbery occurred. The man held Ms. Schmitt at gunpoint for approximately one hour in her apartment without harming her. Before leaving, the man locked Ms. Schmitt in her apartment closet and then proceeded to steal her blue Volkswagen.

Gibson was arrested two months later at a motel in East New Orleans. Gibson was sharing the room with Melvin Bounds. An employee of the motel had told police that an occupant of the room had been seen driving the stolen Volkswagen. Police first questioned and arrested Melvin Bounds for the stealing of the Volkswagen. There was some confusion as to Bounds' identity since he was using Gibson's name. Police determined that someone other than Bounds had been driving the Volkswagen and that the Volkswagen was connected to the armed robbery. Police waited in the motel room until Gibson returned. Gibson was then arrested. His conviction and unsuccessful attempts to overturn that conviction followed.

II. *Pre-trial Identification*

While in the motel room, police seized a black leather jacket. Both Milano and Schmitt identified this jacket as the one worn by the robber. Milano identified Gibson as the man who had robbed the store while Schmitt identified Gibson as the man who held her in her apartment.

Both Milano and Schmitt had previously identified Gibson in a police photograph display. The thrust of Gibson's argument is that this display was impermissibly suggestive, thereby tainting the witnesses' in-court identification, because Gibson was forced to wear a black coat when photographed.[1] Gibson contends that this

---

1. The district court concluded that Gibson's rather confusing argument actually presented three distinct claims: (1) the display was highly suggestive; (2) Gibson was required to wear the black coat seized from the motel when his picture was taken; (3) a police officer indicated to Milano and Schmitt that he thought he had the person who committed the crime before showing the display to them. Upon examining Gibson's brief, we conclude that the first two claims identified by the district court are actually one: that the display was highly suggestive *because* Gibson was required to wear a black coat. The

third claim—that police had told the witnesses that the culprit had been arrested—is directly contradicted by the state record. Accordingly, we agree with the district court that this third claim has no merit. *See Gibson v. Louisiana*, Civ.Action No. 83–888, op. at 18 (E.D.La. Dec. 5, 1983)

Gibson also argues that the display was suggestive because he appeared to have been beaten in the photograph. Gibson fails to identify any reason why such an appearance would make the display suggestive to Milano or Schmitt.

coat was the black leather coat identified by Milano and Schmitt.

 Under *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), Gibson must show both an impermissibly suggestive identification procedure and whether there is a "substantial likelihood" that the suggestiveness led to irreparable misidentification. Gibson's charge that the photograph display was impermissibly suggestive must be rejected. First, from the record, it appears that Gibson was not wearing the black leather coat identified by Milano and Schmitt but instead a black cloth coat worn by Gibson when he was arrested. Officer DiStefano testified that Gibson was wearing a black cloth coat when arrested and therefore was photographed in it. State Trial Record at 137–38. Further, Gibson's stepmother testified that he was wearing a black cloth coat on the night of the arrest. State Trial Record at 166.[2] An examination of the picture itself[3] indicates that only a small portion of the coat is visible; of the small portion of the coat that is visible, the coat appears to be cloth rather than leather.

Second, even if the coat was the leather one, there is no evidence to indicate that the apparel worn by Gibson in the photograph contributed to Schmitt's and Milano's pre-trial identification of Gibson. Only a small portion of the coat was visible, and the small portion that was visible was not likely to lead the witnesses to mistakenly identify Gibson because of a similarity of apparel. Ms. Schmitt's testimony provides no indication of a possible relationship between Gibson's clothing and her identification in the photograph display, while Mr. Milano's testimony clearly demonstrates that his identification was not based on Gibson's clothing in the photograph.[4]

Accordingly, Gibson's contention that the display was suggestive is rejected.

### III. Conclusion

As noted earlier, this Court has examined the remainder of Gibson's contentions and finds them to be without merit. The judgment of the district court dismissing Gibson's application for a writ of habeas corpus is

AFFIRMED.

---

Moreover, an examination of the photograph gives no indication that Gibson was beaten.

**2.** The district court stated that the "only suggestion" that Gibson was wearing the black leather coat occurred in Officer DiStefano's testimony. Even this suggestion is negated by a reading of the record. Officer DiStefano testified that he was "advised" that the coat worn by Gibson in the picture was taken from Gibson's motel room. State Trial Record at 138. Officer DiStefano, however, was quite clear that the jacket worn by Gibson was not leather (as identified by Schmitt and Milano as the type worn by the robber) but cloth. *Id.*

**3.** The record available to the district court below did not include the photograph; instead, the photograph was added to the record after the district court had entered its judgment. Although a court of appeals will not ordinarily enlarge the record to include material not before the district court, it is clear that the authority to do so exists. *See United States v. Page*, 661 F.2d 1080, 1082 (5th Cir.1981), *cert. denied*, 455 U.S. 1018, 102 S.Ct. 1713, 72 L.Ed.2d 136 (1982); *Dickerson v. Alabama*, 667 F.2d 1364, 1367 (11th Cir.), *cert. denied*, 459 U.S. 878, 103 S.Ct. 173, 74 L.Ed.2d 142 (1982). *But cf. Kemlon Products & Development Co. v. United States*, 646 F.2d 223, 224 (5th Cir.), *cert. denied*, 454 U.S. 863, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981) (court of appeals "will not ordinarily" enlarge the record). Here, we decide to exercise our discretion to consider the photograph, rather than to remand this case to the district court and prolong a case which has wound its way through courts for the past six years. The proper resolution of this issue is not in doubt, and a remand "would be contrary to both the interests of justice and the efficient use of judicial resources." *See Dickerson*, 667 F.2d at 1367.

**4.** Gibson's counsel cross-examined Milano:

> Q. But you don't recall anybody else [wearing a coat in the photograph display]?
> A. No, sir. I didn't recall him [Gibson] having one [a coat] on ..."

State Trial Record at 159–60.

We also note that Ms. Schmitt was positive as to her identification of Gibson and that she had an excellent opportunity to observe him since he stayed with her nearly an hour.