Ellen C. JONES, Executrix of the Estate of Dennis M. Jones, Plaintiff,

v.

JACKSON NATIONAL LIFE INSURANCE COMPANY, Defendant and Third–Party Plaintiff,

v.

Terry L. LOTHAMER, d/b/a Insurance and Risk Management, Third–Party Defendant.

No. 1:92–CV–135.

United States District Court, W.D. Michigan, Southern Division.

April 28, 1993.

---

Henry L. Guikema, Grand Rapids, MI, for plaintiff.

David H. Oermann, Detroit, MI, for defendant.

William S. Farr, Grand Rapids, MI, for third-party defendant.

### ORDER TAXING COSTS AND DENYING MOTION TO SUPPLEMENT RECORD ON APPEAL

McKEAGUE, District Judge.

On March 19, 1993, the Court awarded summary judgment to plaintiff Ellen C. Jones on her breach of contract claim against defendant Jackson National Life Insurance Company. The Court also awarded summary judgment to third-party defendant Terry L. Lothamer on Jackson National's tort claims against him.

On April 23, 1993, the Court issued a post-judgment order awarding plaintiff costs and interest. The Court neglected to address the matter of third-party defendant Lothamer's taxed bill of costs at that time. Doing so now, the Court finds that no objection to the taxed bill of costs has been filed and that the claimed expenses are reasonable and necessary to the litigation. Accordingly, such costs, in the amount of $1,184.53, are hereby **TAXED** to third-party plaintiff Jackson National pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920.

Also before the Court is Jackson National's motion to supplement the record on appeal. Jackson National asks the Court to augment the record made in this Court by authorizing inclusion of (1) the transcript of the March 1, 1993, hearing on the parties' cross-motions for summary judgment, and (2) the complete transcripts of seven depositions from which excerpts only were previously filed. Plaintiff has no objection to the motion; third-party defendant Lothamer's position is unknown to the Court.

██ The record on appeal consists of "the original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court." Fed.R.App.P. 10(a). Under this definition, the transcript of the March 1, 1993, hearing should clearly be included in the record, and may be so included without express authorization of the district court. Jackson National's motion is, in this respect, **GRANTED.**

██ However, the request for leave to include portions of deposition transcripts not formerly filed and which played no role in the adjudication of the claims presented must be denied. Jackson National's motion with respect to these materials is in effect a motion to correct or modify the record under Fed.R.App.P. 10(e):

**Correction or Modification of the Record.** If any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth.

If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the district court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals.

Under Rule 10(e), *this* Court may modify the record only (1) if the parties disagree as to whether the record truly discloses what occurred, or (2) if anything material is omitted from the record by error or accident or is misstated. All other questions concerning the form and content of the record must be presented to the Court of Appeals. *Fassett v. Delta Kappa Epsilon (New York),* 807 F.2d 1150, 1165 (3rd Cir.1986), *cert. denied* 481 U.S. 1070, 107 S.Ct. 2463, 95 L.Ed.2d 872 (1987).

Jackson National's motion clearly presents an "other question," properly addressed to the Court of Appeals. There is no dispute but that the record more accurately discloses what occurred in this Court without addition of the subject transcript portions. Nor is there any contention that the transcript portions were omitted from the record by mistake or accident. Thus, neither prerequisite to this Court's authority to modify or supplement the record is present.

Rule 10(e) is not designed to allow a district court "to add to the record on appeal matters that did not occur there in the course of proceedings leading to the judgment under review." *Id.,* quoting 9 *Moore's Federal Practice,* (2d ed.), ¶ 210.08[1] at p. 10–55; see also *Kirshner v. Uniden Corp. of America,* 842 F.2d 1074, 1077 (9th Cir.1988); *S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co.,* 678 F.2d 636, 631–42 (6th Cir.1982); *United States v. Walker,* 601 F.2d 1051, 1054–55 (9th Cir.1979). In other words, notwithstanding the parties' "stipulation," this Court is not authorized under Rule 10(e) to "augment the record on appeal with deposition transcripts that were not on the record

before it at the time its final decision was rendered." *Fassett, supra,* 807 F.2d at 1165. This is so because "the only proper function of a court of appeals is to review the decision below on the basis of the record that was before the district court." *Id.;* see also *In re Capital Cities/ABC Inc.'s Application for Access to Sealed Transcripts,* 913 F.2d 89, 96–97 (3rd Cir.1990). To the extent there may be an "inherent equitable power" to supplement the record exceeding the power provided in Rule 10(e), such power is to be exercised not by this Court, but by the Court of Appeals. *Id.,* 913 F.2d at 97.

Accordingly, Jackson National's motion to supplement the record on appeal is in this respect **DENIED.**

**IT IS SO ORDERED.**