**In the Matter of the Complaint of ROBBINS MARITIME, INC., as Owner of the M/T Alert, and Bay Towing Corporation, as Charterer and Owner *pro hac vice* of the M/T Alert, for Exoneration from or Limitation of Liability.**

**Civ. A. No. 2:94cv515.**

United States District Court, E.D. Virginia, Norfolk Division.

July 14, 1995.

Rice Arthur Jett, Jr., McGuire, Woods, Battle & Boothe, Norfolk, VA, John David Padgett, and McGuire, Woods, Battle & Boothe, Norfolk, VA, for plaintiffs.

Carter T. Gunn, Walter Bramblette Martin, Jr., Vandeventer, Black, Meredith & Martin, Norfolk, VA, Eugene J. O'Connor, Freehill, Hogan & Mahar, New York City, Denham Arthur Kelsey, John Early Holloway, Hunton & Williams, Norfolk, VA, and John Robert Crumpler, Jr., Kaufman & Canoles, Norfolk, VA, for claimants.

Melanie Fix, Guilford D. Ware, Crenshaw, Ware & Martin, Norfolk, VA, and James W. Bartlett, III, Wilson, Elser, Moskowitz, Edelman & Dicker, Baltimore, MD, for Universal Maritime Service Corp.

Phoenix Marketing Co., Portland, OR, claimant pro se.

## ORDER

DOUMAR, District Judge.

On June 9, 1995, this court affirmed a report and recommendation of the magistrate judge that Hale Intermodal Marine Company ("Hale") be granted summary judgment in its claim against Universal Maritime Service Corporation ("Universal") for indemnity arising out of a fire on a barge on April 15, 1994. On June 13, 1995, the court issued an order, upon motion by Universal, certifying its decision for an interlocutory appeal. Presently before the court is a motion by Universal to supplement the record on appeal. For the following reasons the motion is DENIED.

### I. Background

■ The complete factual background regarding this case may be found in the court's order of June 9, 1995 affirming summary judgment on Hale's claim for indemnity against Universal. For present purposes the relevant facts are that Universal desires to supplement the record on this interlocutory appeal by adding the full transcript of the deposition of Stephen T. Jones, President of Hale, to the excerpted pages already part of the record. Universal also seeks to add the entire deposition of Roland E. Ballwanz, Jr., the mechanic from Universal's subcontractor who plugged in, started, and tested the generator container. Ballwanz's deposition was only taken on April 20, 1995, which was after Magistrate Judge William Prince had issued his report and recommendation.

Hale opposes the motion to supplement the record. They argue that there appears no reason to permit the Ballwanz deposition to be added to the record—it could not have been omitted by mistake or the like because it never existed at the relevant time. Hale argues that the entire Jones deposition could have been proffered earlier, but was not. Because this court and Judge Prince did not consider these omitted pages in its decision, Hale argues that Universal should not be permitted to add them for the first time on appeal.

It should be noted that this court routinely issues, and issued in this case, an initial pretrial order which mandates that depositions and other discovery material are not to be filed with the court, unless the court or a party requires the filing of all or part of the discovery material. *See* Order entered Dec. 2, 1994. This order is designed to keep the court from being inundated with discovery materials. It is thus the responsibility of the party who desires discovery material to be before the court to proffer the same to the court.

### II. Legal Analysis

Universal primarily attempts to rely on F.R.A.P. 10(e). They in particular claim that the "depositions were omitted from the record by error or accident and should now be added to conform the record to the truth." (Universal Br. in Supp. at 3). Rule 10(e) states:

If any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or acci-

dent or is misstated therein, the parties by stipulation, or the district court … may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals.

Notably absent from Universal's is any claim that there is a "difference" as to "whether the record truly discloses what occurred in the district court." Instead, they claim that through "error or accident" these depositions were not included in their entirety.

■ "It is well-settled that the purpose of Rule 10(e) is not to allow a district court 'to add to the record on appeal matters that did not occur there in the course of the proceedings leading to the judgment under review.'" *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1165 (3d Cir.1986) (quoting J. Moore, *Moore's Federal Practice* ¶ 210.08(1) at 10–55 (2d ed. 1985, and citing cases)). For a case in which the court did not permit the supplementation of the record with the full deposition transcripts when the movant had included excerpts, *see Jones v. Jackson Nat'l. Life Ins. Co.*, 819 F.Supp. 1385 (D.Mich.1993) (basis of decision was that (1) portions sought to be added played no role in decision, (2) record more accurately disclosed what actually occurred in district court without the additions, and (3) no claim was made that portions were omitted by mistake or accident).

In this case, Universal claims that it was "error or accident" which led to the omissions. However, it was clearly *not* "error or accident" that caused the omission of the Ballwanz deposition—it was physical impossibility because it did not exist prior to Judge Prince's report. Moreover, with regard to the omitted portions of the Jones deposition, Universal claims in its brief that "in an effort to limit the magnitude of the exhibits attached to its Cross–Motion, [Universal] only attached those transcript pages that were referenced in its brief." (Universal's Br. Supp. at 1). They further claim that the included pages "may contain partial questions and partial answers." (*Id.* at 2).

This does not sound like the cases in which "error or accident" under Rule 10(e) has

been found. For example, in *Ross v. Kemp*, 785 F.2d 1467, 1470–74 (11th Cir.1986), the attorney for the movant relied on a rule of civil procedure (which was being changed) and a local rule to assume a deposition was automatically filed as part of the record. The parties relied on it being part of the record in their pleadings, the omission was not deliberate, and the parties could have believed it was part of the record all along because the accompanying exhibits were filed as part of the record. In sum, in *Ross* it was more accurate in determining the actual record before the court to include that which was relied upon and treated as part of the record. The same court in *Ross*, however, rejected the inclusion of affidavits that were not before the court in any form and not relied upon by the parties as being part of the record. *Id.* at 1473–74.

In this case, Universal cannot show that this court or even the parties relied on the information contained in the omitted material, which was deliberately omitted for a specific reason by Universal itself. Rather, because Universal was perhaps oblivious to the possible significance of the information, it for its own reasons failed to include it. The record of what occurred before this court is thus more accurate without the inclusion, unlike in *Ross*, where the record was more accurate with the inclusion. To include it now would make the meaning of the "error or accident" be that a litigant can put in part of its case at the trial level and then, if he loses, reconsider his strategy and put in the rest on appeal. This is not permitted under Rule 10. *See Tamari v. Bache & Co.*, 838 F.2d 904, 907 (7th Cir.1988) (Posner, J.):

> The exhibit was available to the Tamaris at the time of trial, but they decided for their own reasons not to place it in evidence. They cannot ask us to reverse the district judge on the basis of evidence that they deliberately withheld from her. That would be sandbagging of the worst kind. A litigant cannot put in part of his case in the trial and then, if he loses, put in the rest on appeal.

Although it does not appear in this case that deliberate sandbagging is an issue, interpreting the "error and accident" portion of the

rule in the manner implicitly suggested by Universal (i.e., upon reflection we really should have included some of the material we left out, so we left it out by "error or accident") would clearly open the door to sandbagging in a host of cases. Universal included and excluded particular pages of the Jones deposition because they felt that this approach best served their interests at the time. They must now live by that decision. There is no showing that the court or parties in any way relied on the omitted evidence or assumed it was part of the record.

### CONCLUSION

The motion to supplement the record is DENIED.

The Clerk is DIRECTED to send copies of this order to counsel for the parties.

It is so ORDERED.