**FREEDMAN, LEVY, KROLL & SIMONDS, et al., Plaintiffs,**

v.

**Richard MENDELSON, Special Receiver, Defendant.**

No. Civ.A. 00–915–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Nov. 8, 2000.

Patrick J. Kearney, Freedman, Levy, Kroll & Simonds, Washington, DC, for plaintiff.

John W. Toothman, Toothman & White, P.C., Alexandria, VA, for defendant.

*MEMORANDUM OPINION*

BRINKEMA, District Judge.

Before the Court is the Plaintiff's Motion to Supplement the Record on Appeal. For the reasons discussed herein, this motion will be DENIED.

*FACTS*

Plaintiffs, the law firm Freedman, Levy, Kroll, & Simonds and individual attorneys Patrick J. Kearney and Emil Hirsch, first filed this Declaratory Judgment action against defendant Richard Mendelson on June 2, 2000. They filed an amended complaint on June 27, 2000.

This action arises from a tangle of bankruptcy and patent litigation before this and other courts concerning Interlase Limited Partnership. *See Freedman, Levy, Kroll & Simonds v. Mendelson,* Special Receiver, No. 00–915–A (E.D.Va. July 17, 2000) (hereinafter "Mem.Op."). On September 14, 1998, the Circuit Court for the County of Arlington appointed the defendant Special Receiver for Interlase. Pursuant to this litigation, the Circuit Court on July 2, 1999 entered an order declaring White Star Holdings, Ltd. to be a corporate alter ego of Interlase and ordering White Star Holdings' counsel, the plaintiffs in this action, to turn over to the defendant all property in their possession purportedly belonging to White Star. These assets included both documents and attorney fees paid by White Star to plaintiffs in prior litigation.

The amended complaint asked this Court to declare unconstitutional both the state court's exercise of jurisdiction over the plaintiffs and its order that the plaintiffs disgorge White Star's assets. It also sought a declaration that a notice sent by the Special Receiver to the plaintiffs was void because a stay of proceedings was in effect. Lastly, it asked us to find the defendant collaterally estopped from asserting any right or title to the assets in question. Cross-motions for summary judgment followed.

On July 17, 2000, we entered summary judgment in favor of defendant Mendelson. First, we found abstention appropriate under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) as applied by *Richmond Fredericksburg & Potomac R. Co. v. Forst,* 4 F.3d 244 (4th Cir.1993). Second, we rejected plaintiff's arguments that the state court order was void in its entirety for violating the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362(a). We supported that finding by reference to language in the related federal bankruptcy court's order that specifically contemplated continuation of the pending state proceedings. Third, and most relevant to the present motion, we held that the Anti–Injunction Act, 28 U.S.C. § 2283, independently warranted dismissal. "Because none of the exceptions [to the AIA] apply in this case, we are precluded from granting the relief sought." (Mem.Op. at 8). On August 8, 2000, plaintiffs appealed this decision to the Fourth Circuit.

On August 18, 2000, the defendant served plaintiffs with a subpoena duces tecum pursuant to the Circuit Court's January 27, 2000 order instructing the plaintiffs to deliver to the Special Receiver all documents, assets, and information concerning or acquired through their representation of White Star. ("Subpoena," Mem.P. & A.Supp.Pl's.Mot. Leave. Supplement R. Appeal, Exhibit B). The request for the subpoena expressly invoked the authority of Rule 4:9(c) of the Rules of the Supreme Court of Virginia, which pertains only to the production of documents by a person "not a party" to the action.[1]

Plaintiffs subsequently moved before the Fourth Circuit for leave to supplement the record on appeal with this August 18 subpoe-

---

1. Va.Sup.Ct.Rule 4:9(c), entitled "Production by a Person Not a Party," provides in relevant part that "Upon written request therefor filed with the clerk of the court in which the action or suit is pending by counsel of record for any party or by a party having no counsel in any pending case, with a certificate that a copy thereof has been mailed, dispatched by commercial delivery service, transmitted by facsimile, or delivered to counsel of record and to parties having no counsel, the clerk shall, subject to paragraph (c–1), *issue to a person not a party therein a subpoena duces tecum* which shall command the person to whom it is directed, or someone acting on his behalf, to produce the documents and tangible things ..." (Emphasis added).

na. On September 28, 2000, the Clerk of the Fourth Circuit by direction "deni[ed] the motion without prejudice to filing a motion to supplement the record on appeal pursuant to Rule 10(e) [2] of the Federal Rules of Appellate Procedure and Local Rule 10(e) [3]." ("Fourth Circuit Order," Mem.P. & A.Supp.Pl's.Mot. Leave. Supplement R. Appeal, Exhibit D).

On October 19, 2000, plaintiffs filed the present Motion for Leave to Supplement the Record on Appeal, seeking inclusion of the August 18 subpoena in the appellate record.

## DISCUSSION

■ The gravamen of plaintiff's motion is that the subpoena's express reliance on Va. R.S.Ct. Rule 4:9(c) demonstrates that plaintiffs were non-parties and, consequently, "strangers" to the state court proceedings. Plaintiffs argue that "as a stranger to the State Court Receivership Action, plaintiffs are fully entitled to exercise their rights in a federal district court without abstention under *Younger* or refusal to hear the case under the AIA." (Mem.P. & A.Supp. Pl's.Mot.Leave. Supplement R. Appeal at 6.) Plaintiffs rely on the Supreme Court's acknowledgment in *Hale v. Bimco Trading,* 306 U.S. 375, 59 S.Ct. 526, 83 L.Ed. 771 (1939) and *County of Imperial, California v. Munoz,* 449 U.S. 54, 101 S.Ct. 289, 66 L.Ed.2d 258 (1980) that the AIA does not prohibit actions by parties who are "strangers to the state court proceedings." Plaintiffs also cite *Gottfried v. Medical Planning Services Inc.,* 142 F.3d 326, 329 (6th Cir. 1998) ("As with the Anti–Injunction Act and the rules of preclusion, *Younger* abstention cannot apply to one like Gottfried who is a stranger to the state proceeding.") Because our ruling applied *Younger* and the AIA without discussing *Hale, Munoz,* or *Gottfried,* the plaintiffs characterize the opinion as "declaring" "by implication" that plaintiffs were properly parties to the state receivership action. (Mem.P. & A.Supp.Pl's.Mot. Leave. Supplement R. Appeal at 3.)

Defendant Mendelson declines discussion of the subpoena's implications for the legal merits of the case. Instead, he contends that such supplementation of the record on appeal would be inappropriate under F.R.A.P. 10(e) and Fourth Circuit Rule 10(e). First, Mendelson argues that supplementation with a subpoena issued after entry of judgment contravenes the language of F.R.A.P. 10(e). F.R.A.P. 10(a) defines the "Record on Appeal" as consisting of "(1) the original papers and exhibits filed in the district court (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." F.R.A.P. 10(e)(2) provides for supplementation "if anything material to either party is omitted from or misstated in the record by error or accident." Mendelson claims that the "plain language" of 10(e) forecloses supplementation with post-judgment evidence which could not possibly have been omitted through "error or accident."

■ Second, Mendelson contends that such supplementation would be inconsistent with established reliance on Rule 10(e) sim-

---

2. F.R.A.P. 10(e), entitled "Correction or Modification of the Record," provides that:

(1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

(2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

(A) on stipulation of the parties;

(B) by the district court before or after the record has been forwarded; or

(C) by the court of appeals.

(3) All other questions as to the form and content of the record must be presented to the court of appeals.

3. Local Rule 10(e) provides that:

If any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the district court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be submitted to the court of appeals.

ply as a means to conform the appellate record to the actual proceedings below. *See United States v. Greenwell*, 418 F.2d 845 (4th Cir.1969) ("Rule 10(e) vests authority in the district court to conform the record to what occurred in the district court either by supplying what has been omitted or correcting what has been erroneously transcribed.") "It is well-settled that the purpose of Rule 10(e) is not to allow a district court to add to the record on appeal matters that did not occur there in the course of the proceedings leading to the judgment under review." *In re Robbins Maritime Inc.*, 162 F.R.D. 502, 504 (E.D.Va.1995), *quoting Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1165 (3d Cir.1986). *See also Himler v. Comprehensive Care Corp.*, 790 F.Supp. 114 (E.D.Va. 1992) (declining to supplement record with correspondence between court and parties concerning settlement as class action when record fully reflected actual disposition of matters).

Plaintiffs rely on a vein of precedent permitting appellate courts to consider matters not included in the appellate record "in the interests of justice." They cite *Ross v. Kemp*, 785 F.2d 1467 (11th Cir.1986), in which an Eleventh Circuit panel received evidence of racially discriminatory jury selection in a death penalty case after an adverse panel ruling and before an *en banc* rehearing in a federal habeas corpus proceeding. Plaintiffs cite *Ross* for the proposition that appellate courts may receive new evidence when (1) "acceptance of the proffered material into the record would establish beyond any doubt the proper resolution of the pending issue" and (2) "remanding the case to the district court for consideration of the additional material would be contrary to both the interests of justice and the efficient use of judicial resources." *Id.* at 1475.

Under *Ross*, plaintiffs argue that the August 18 subpoena should be included in the appellate record for three reasons. First, plaintiffs disclaim any dereliction on their part in failing to introduce the subpoena in the summary judgment proceedings for the simple reason that it had not yet been served upon them. Second, plaintiffs argue that the subpoena's reliance on Rule 4:9(c) represents a "dispositive admission" that plaintiffs are strangers to the state court proceedings; its admission, therefore, would better inform the Fourth Circuit's consideration of *Hale, Munoz,* and *Gottfried.* Third, plaintiffs suggest that a remand from the Fourth Circuit instructing this court to consider the subpoena would not be in the interests of judicial administration.

■ Mendelson responds that the *Ross* court expressly relied on a discretionary authority of the appellate court independent of Rule 10(e). "Because the information in the affidavits was not before the district court in any form, and because neither of the parties relied on the evidence at an earlier point in the proceedings, F.R.A.P. 10(e) is inapplicable to this portion of the motion to supplement." *Ross,* 785 F.2d at 1474. "We do not extend [the] authority [of F.R.A.P. 10(e)] beyond situations where the omission was by error or accident, but instead recognize that it is our inherent equitable authority that is exercised in such cases." *Id.*

Indeed, review of cases cited by plaintiffs and the authorities on which these cases rely yields no instances in which F.R.A.P. 10(e) independently permitted inclusion in the record of evidentiary material postdating entry of judgment—particularly by a district court.

■ Instead, these cases indicate four general circumstances in which federal appellate courts consider matters beyond the record on appeal as a matter of inherent discretion. First, an appellate court may rule *sua sponte* on questions of law neither argued before the trial court nor expressly raised on appeal. *See Hormel v. Helvering,* 312 U.S. 552, 557, 61 S.Ct. 719, 85 L.Ed. 1037 (1941); *Ricard v. Birch,* 529 F.2d 214, 216 (4th Cir. 1975) (citing *Hormel* to reverse district court judgment which had overlooked tolling provisions of Soldier and Sailor's Relief Act); *Washington Gas Light Co. v. Virginia Electric & Power Co.,* 438 F.2d 248, 250–51 (4th Cir.1971) (citing *Hormel* to consider precedent ignored by parties and district court). Second, an appellate court reviewing probable cause and other procedural matters frequently considers evidence presented in pretrial proceedings but not properly brought

before the trial court or included in the appellate record. *See Turk v. United States,* 429 F.2d 1327, 1329 (8th Cir.1970); *Washington v. United States,* 401 F.2d 915, 919 n. 19 (1968); *Gatewood v. United States,* 209 F.2d 789, 792–793 (1953). Third, an appellate court may exercise its inherent discretion in the interest of justice to consider evidence not considered by the trial court. *See Ross,* 785 F.2d at 1473; *Dickerson v. Alabama,* 667 F.2d 1364, 1367 (11th Cir.) *cert. denied,* 459 U.S. 878, 103 S.Ct. 173, 74 L.Ed.2d 142 (1982) (in complex *pro se* federal habeas proceedings following state habeas proceedings, federal district court had erroneously mistaken record from state *coram nobis* proceedings for state trial transcript); *Dakota Industries Inc. v. Dakota Sportswear, Inc.,* 988 F.2d 61, 63 (8th Cir.1993) (record considered by district court on preliminary injunction motion in trademark action before discovery was completed supplemented on appeal where misrepresentation that only one mark was involved rather than three left district court with incomplete picture of alleged infringement). Fourth, an appellate court may consider *sua sponte* mixed issues of law and fact not specifically raised in the district court. *See U.S. v. Barge Shamrock,* 635 F.2d 1108, 1111 (4th Cir.1980).

Plaintiffs have cited no instances in which a district court acting under Rule 10(e) supplemented a record already on appeal with documentary evidence not extant at the time of the court's ruling—much less subjected to the scrutiny of the Court and parties in the course of the original proceedings. There must be an appropriate order to litigation. If a trial court were to reopen the record with every post-decision development that might have impacted its original judgment, there would be no end to litigation and appellate courts would face a constantly shifting target for review. Although plaintiffs may benefit on appeal from the inherent discretion of the Fourth Circuit, this Court declines under these circumstances and for these reasons to exceed the scope of F.R.A.P. 10(e).

### CONCLUSION

For the above stated reasons, plaintiff's Motion to Supplement the Record on Appeal will be DENIED, and an appropriate order will issue.

The Clerk is directed to forward copies of this Memorandum Opinion to counsel of record.