Darlene M. THOMAS, Plaintiff–
Appellant,

v.

**LODGE NO. 2461 OF DISTRICT LODGE 74 OF THE INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL–CIO, et al., Defendants–Appellees.**

No. CIV.A. 303CV680.

United States District Court,
E.D. Virginia,
Richmond Division.

Dec. 16, 2004.

Vickey a. Verwey, Esquire, David R. Simonsen, Jr., Esquire, Herbert Fried, Jr., Richmond, VA, for Plaintiff.

---

James J. Vergara, Jr., Esquire, Vergara & Associates, Hopewell, VA, for Union.

Dana L. Rust, Esquire, McGuireWoods LLP, Richmond, VA, for Siemens.

## MEMORANDUM OPINION

PAYNE, District Judge.

This matter is before the Court on the Defendants–Appellees' Motion to Supplement the Record on Appeal (Docket No. 60). For the reasons set forth below, the motion is denied.

## FACTS AND BACKGROUND

Darlene M. Thomas ("Ms.Thomas"), the Plaintiff–Appellant, filed this "hybrid 301" action, pursuant to the Labor Management Relations Act, against her former employer, Siemens VDO Automotive Corporation, for breach of the collective bargaining agreement, and her Union, Lodge No. 2461 of District Lodge 74 of the International Association of Machinists and Aerospace Workers, AFL–CIO, for breach of the duty of fair representation. Ms. Thomas' discharge was the result of an altercation with a fellow co-worker. The co-worker alleged that she was assaulted by Ms. Thomas and filed a criminal assault and battery charge against Ms. Thomas in the General District Court of Newport News. Ms. Thomas denied these charges. As outlined in detail in a Memorandum Opinion dated March 9, 2004 (the "March 9 Memorandum Opinion"), Siemens investigated the incident and thereafter terminated Ms. Thomas' employment. Ms. Thomas filed a grievance which, after investigation, the Union declined to prosecute.

On July 24, 2003, Ms. Thomas was convicted of criminal assault and battery in General District Court. She filed an appeal therefrom to the Circuit Court of Newport News. She filed this action on August 11, 2003. In the March 9 Memorandum Opinion, the motions for summary judgement filed by Siemens and the Union were granted. On March 15, 2004, Ms. Thomas filed a Motion for Reconsideration of the March 9 Memorandum Opinion and its implementing order. On April 6, 2004, Ms. Thomas entered into a Memorandum of Plea Agreement with the Commonwealth of Virginia on the criminal assault and battery charge. In the plea agreement, Ms. Thomas admitted for the first time that "the evidence would be sufficient for a finding of guilt." Mem. of Plea Agreement (attached as Exhibit 1 to Defs.'-Appellees' Mem. in Supp. of Mot. to Supplement the R. on Appeal). Ms. Thomas also agreed to pay all court costs associated with the criminal charge, to remain on good behavior for one year, and to have no contact with the plaintiff co-worker. *See id.*

On April 20, 2004, the motion for reconsideration of the grant of summary judgment was denied. On May 20, 2004, Ms. Thomas filed an appeal of this Court's grant of summary judgment. Believing, with some justification, that the plea agreement vitiated Ms. Thomas' appeal, Siemens and the Union, moved the Fourth Circuit to supplement the record with the plea agreement, pursuant to Fourth Circuit Local Rule 10(e) and Federal Rule of Appellate Procedure 10(e). On November 12, 2004, the Fourth Circuit denied the motion without prejudice and instructed Siemens and the Union to refile the motion in the district court because "disputes concerning the record on appeal should be resolved with the district court in the first instance." Order, dated Nov. 12, 2004 (attached as Exhibit 2 to Defs.'-Appellees' Mem. in Supp. of Mot. to Supplement the R. on Appeal). The plea agreement was not part of the original record because it

occurred after the March 9 Memorandum Opinion was issued.

On November 17, 2004, Siemens and the Union filed a Motion to Supplement the Record with this Court.

## DISCUSSION

### I. Rule 10(e)

Fed. R.App. 10(e), entitled "Correction or Modification of the Record," provides:

(1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed according.

(2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

(A) on stipulation of the parties;

(B) by the district court before or after the record has been forward; or

(C) by the court of appeals.

(3) All other questions as to the form and content of the record must be presented to the court of appeals.

Fourth Circuit Local Rule 10(e) provides that:

Disputes concerning the accuracy of the composition of the record on appeal should be resolved in the trial court in the first instance, although the Court of Appeals has the power, either on motion or of its own accord, to require that the record be corrected or supplemented.... [T]he record may be supplemented by the parties by stipulation or by order of the district court at any time during the appellate process.

4th Cir. R. 10(e).

■ This Court has construed Fed. R.App. 10(e) to allow supplementation of the record "(1) if any difference arises as to what actually occurred before it, or (2) if anything material to either party is omitted from the record by error or accident." *Himler v. Comprehensive Care Corp., W.,* 790 F.Supp. 114, 115 (E.D.Va.1992). Our Court also has made clear that "the purpose of Rule 10(e) is not to allow a district court to add to the record on appeal matters that did not occur there in the course of the proceedings leading to the judgment under review." *In re Robbins Maritime, Inc.,* 162 F.R.D. 502, 504 (E.D.Va.1995) (citing *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1165 (3d Cir.1986)); *see also Appeal of Reckmeyer,* 1987 WL 36174 (4th Cir.1987) (unpublished) (same); *Wheeler v. Anchor Continental, Inc.,* 1979 WL 52 (D.S.C.1979) (citing several Courts of Appeal cases for the proposition that "Rule 10(e) provides *no* basis for augmenting the record to include evidence which was *never* before the district court.") (emphasis in original). Likewise, the Fourth Circuit has held that a district court properly refused to supplement the record on appeal with discovery documents that were "not filed ... or brought to the attention of the district court, as it considered the various papers in evaluating the motion for summary judgment." *Rohrbough v. Wyeth Labs., Inc.,* 916 F.2d 970, 973, n. 8 (4th Cir.1990).

■ This action does not present either of the circumstances which permit a district court to supplement the record on appeal because the plea agreement, which is sought to be added to the record, was not before the district court because it did not exist when the motions for summary judgment were granted. Thus, it was not

excluded from the record by error. Nor is there a contention that the record does not accurately reflect what occurred in the district court. As such, there is nothing within Rule 10(e) that permits this Court to supplement the record by adding to it a plea agreement that was not a component of the decision on appeal.

## II. Discretion to Exceed the Scope of Rule 10(e)

Siemens and the Union argue that there are situations in which a district court may supplement the record with material that was not before it. Defs.'-Appellees' Mem. in Support of Mot. to Supplement the R. on Appeal at 4. They rely on decisions from other circuits. However, the Eastern District of Virginia actually has addressed this issue in a case wherein the plaintiffs relied on "a vein of precedent permitting appellate courts to consider matters not included in the appellate record 'in the interests of justice.'" *Freedman, Levy, Kroll & Simonds v. Mendelson,* 197 F.R.D. 276, 279 (E.D.Va.2000). In *Mendelson,* the court noted that the decisional law does not support the proposition that Rule 10(e) independently permits inclusion of such material, but instead "indicate four general circumstances in which federal *appellate* courts consider matters beyond the record on appeal as a matter of inherent discretion." *Id.* (emphasis added). The four circumstances were: (1) "an appellate court rul[ing] sua sponte on question of law neither argued before the trial court nor expressly raised on appeal;" (2) "an appellate court reviewing probable cause and other procedural matters ... [in] consider[ing] evidence presented in pretrial proceedings but not properly brought before the trial court or included in the appellate record;" (3) "an appellate court ... exercis[ing] its inherent discretion in the interest of justice to consider evidence not considered by the trial court;" and, finally, (4) "an appellate court consider[ing] sua sponte mixed issues of law and fact not specifically raised in the district court." *Id.* at 279–80. The evidence in this action—the plea agreement—potentially implicates the third circumstance: the interest of justice. The other three circumstances are clearly inapplicable.

Additionally, *Mendelson* is especially relevant here because the issue in *Mendelson* was whether the plaintiff could supplement the record with a subpoena that had not been issued under after judgment was entered. As is true here, the plaintiffs in *Mendelson* "cited no instances in which a district court acting under Rule 10(e) supplemented a record already on appeal with documentary evidence not extant at the time of the court's ruling." *Id.* at 280. The court denied the motion to supplement the record, observing that the plaintiffs "may benefit on appeal from the inherent discretion of the Fourth Circuit," but the district court must decline "to exceed the scope of F.R.A.P. 10(e)." *Id.*

Neither this Court nor the Fourth Circuit have applied Rule 10(e) to supplement the record with evidence that did not exist when the decision on appeal was issued. The Court declines to construe Rule 10(e) to do that here.

There are decisions in which appellate courts have exercised their discretion to supplement the record with evidence that the district court did not consider. For example, the Eleventh Circuit, in considering evidence that the district court mistakenly had failed to consider in denying a habeas petition, noted that not supplementing the record on appeal would be "contrary to both the interests of justice and the efficient use of judicial resources." *Dickerson v. Alabama,* 667 F.2d 1364, 1367 (11th Cir.1982). The court of appeals in

*Dickerson* also noted that "[w]hile federal appellate courts do not often supplement the record on appeal with evidence not reviewed by the court below, it is clear that the authority to do so exists." *Id.*

However, in *Dickerson*, the district court had mistakenly failed to consider evidence that it was required to consider, and clearly that evidence existed when the case was before the district court. *Id.* Moreover, in making its decision to supplement the record on appeal, the court in *Dickerson* held that the interests of justice and judicial economy would best be served by having the appellate court consider the omitted evidence, rather than remanding the case to the district court to consider the evidence that it should have considered in the first place. *Id.* The court also noted that the "proper resolution of the substantive issues . . . . is beyond any doubt." *Id.* Essentially, the Eleventh Circuit held that remanding the case would undoubtedly result in precisely the same outcome and that, in terms of judicial economy and justice, it made more sense to have the appellate consider the evidence.

The same issue arose in *Gibson v. Blackburn*, 744 F.2d 403 (5th Cir.1984), the only other appellate case cited by the Union and Siemens. In *Gibson*, the district court did not consider a photograph, which was used to identify the defendant. The Fifth Circuit decided to consider the photograph, rather than remanding the case to the district court, because to remand would only "prolong a case which has wound its way through courts for the past six years." *Id.* at 405 n. 3. Citing *Dickerson*, the court of appeals explained its decision to consider evidence not considered by the district court by relying on "the interests of justice and the efficient use of judicial resources." *Id.*

In a more recent decision, the Eleventh Circuit observed that using its authority to enlarge the record and consider evidence that has not been considered by the court below is "rarely exercised." *Ross v. Kemp*, 785 F.2d 1467 (11th Cir.1986), and then explained that there are three factors to be considered when deciding whether to supplement the record on appeal with evidence not before the district court. The court said:

> First, acceptance of the proffered material into the record would establish beyond any doubt the proper resolution of the pending issue. Second, remanding the case to the district court for consideration of the additional material would have been 'contrary to both the interests of justice and the efficient use of judicial resources. Third, ... the unique powers that federal appellate judges have in the context of habeas actions.

*Id.* at 1475.

Siemens and the Union argue that the first and second factors are implicated in this suit. As to the first factor, they contend that the plea agreement establishes "beyond any doubt" that the Union's decision not to arbitrate was not arbitrary or in bad faith and that Siemens did not breach the collective bargaining agreement by terminating Ms. Thomas. That is a slight, but perhaps not an outcome determinative, mischaracterization of the plea agreement which actually provides that the "evidence would be sufficient for a finding of guilt." As to the second factor, Siemens and the Union claim that remanding the claim for consideration of the plea agreement would not serve judicial economy or the interest of justice. And, on that point, they may be right. However, there is no warrant for this Court to decide that issue because this case does not involve circumstances analogous to those in *Ross*. Instead, it involves evidence that did not exist when the decision on appeal was issued. The defendants have not cited,

nor has the Court found, a decision supplementing the record that was not available to the district court because it did not exist.

Of course, the evidence came into being while the plaintiff's motion for reconsideration was pending, and the plaintiff certainly should have disclosed that fact to the defendants and to the Court. But, the failure to do so does not mean that the evidence existed at the time of summary judgment.

More importantly, the decisions on which the defendants rely all involve the exercise of discretion by appellate courts that were engaged in habeas corpus review, in which courts of appeals have very broad supervisory powers. None of those decisions stand for the proposition that a district court is empowered to supplement the record under Rule 10(e) by adding to it evidence that did not exist when the decision on appeal was issued.

For the foregoing reasons, it is not appropriate for this Court to supplement the record here by adding the plea agreement. That, of course, is not intended to foreclose consideration of the issue by the Court of Appeals, now that it has applied its Local Rule 10(e) to accord the district court an opportunity to consider the matter "in the first instance."[1]

### CONCLUSION

For the reasons set forth above, the Defendants'-Appellees' Motion to Supplement the Record will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record and to the Clerk of the United States Court of Appeals for the Fourth Circuit.

It is so ORDERED.

---

1. This resolution makes it unnecessary to consider the several issues raised by the plaintiff

### ORDER

For the reasons set forth in the accompanying Memorandum Opinion, it is hereby ORDERED that the Defendants–Appellees' Motion to Supplement the Record on Appeal (Docket No. 60) is denied.

It is further ORDERED that the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process.

The Clerk is directed to send a copy of this Order to counsel of record and to the Clerk of the United States Court of Appeals for the Fourth Circuit.

It is so ORDERED.

except to say that those issues are significantly lacking in merit and authority.