# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2011

Lyle W. Cayce
Clerk

No. 11-10143
Summary Calendar

JAY ANTHONY NOTTINGHAM,

Plaintiff-Appellant

v.

JOEL FINSTERWALD, Sheriff of Wheeler County; JULIAN TORREZ, Deputy
Sheriff of Wheeler County; JON BURRELL, Deputy Sheriff of Wheeler County;
FNU STOKES, Deputy Sheriff of Wheeler County; CARRIE GAINES, Jail
Administrator of Wheeler County; WHEELER COUNTY, TEXAS,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:09-CV-250

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jay Anthony Nottingham, Texas prisoner # 1490726, appeals the district
court's summary judgment dismissal of his 42 U.S.C. § 1983 complaint against
Joel Finsterwald, Sheriff of Wheeler County, Texas; Julian Torrez, Jon Burrell,
and FNU Stokes, Deputy Sheriffs of Wheeler County; Carrie Gaines, Jail
Administrator of Wheeler County; and Wheeler County, Texas. He claims that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-10143

Finsterwald, Torrez, Burrell, and Stokes used excessive force in executing an arrest warrant and Gaines denied him medical treatment.

Nottingham's motion to supplement the record on appeal with evidence that his former counsel failed to present to the district court is DENIED. *See Gibson v. Blackburn*, 744 F.2d 403, 405 n.3 (5th Cir. 1984); *United States v. Smith*, 493 F.2d 906, 907 & n.1 (5th Cir. 1974). We have considered only the evidence that was before the district court in reviewing the summary judgment ruling.

Nottingham presented sufficient evidence to raise a genuine issue of material fact regarding whether Finsterwald, Torrez, Burrell, and Stokes used excessive force after he was handcuffed. His medical records documented black eyes, a laceration on the neck, and soft tissue swelling on the left wrist and hand, which are consistent with his declaration that the Defendants struck his face, neck, and body. Nottingham declared that all of the defendants he named in his excessive force claim caused his injuries by striking him after he was handcuffed. Therefore, there was a genuine issue of material fact regarding whether and which Defendants struck Nottingham and whether he received these injuries before or after he was handcuffed. *See Bush v. Strain*, 513 F.3d 492, 501 (5th Cir. 2008). Under Nottingham's version of events, the Defendants would not have been justified in striking him after he was handcuffed as there is no evidence that he resisted at that time. Therefore, there was a genuine issue of material fact regarding whether the Defendants' use of force of was excessive and objectively unreasonable. *See Peterson v. City of Fort Worth*, 588 F.3d 838, 846-47 (5th Cir. 2009); *Bush*, 513 F.3d at 502; *Williams v. Bramer*, 180 F.3d 699, 704 (5th Cir. 1999). The district court erred by granting summary judgment on the excessive force claim in favor of Finsterwald, Torrez, Burrell, and Stokes.

The Defendants' argument that the judgment on the excessive force claim may be affirmed for the alternative reason that Nottingham failed to allege a

Fourth Amendment violation in his complaint is unavailing.  Nottingham's allegation that the Defendants used excessive force in the course of an arrest implicated the Fourth Amendment's guarantee against unreasonable seizure and thus stated a plausible claim for relief.  *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).

Nottingham has abandoned the excessive force claim against Wheeler County.  *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The district court did not err by granting summary judgment in favor of Gaines on Nottingham's claim for denial of medical treatment because Nottingham presented no evidence that Gaines was aware of a substantial risk of harm.  *See Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc). Because there was no underlying constitutional violation, the district court also did not err by granting summary judgment in favor of Wheeler County on this claim.  *See Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997).

Nottingham's complaint that his former counsel mishandled his case does not constitute a basis upon which to invalidate the district court's judgment because the constitutional right to effective assistance of counsel does not apply in a civil case.  *See Sanchez v. U.S. Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986).

The judgment of the district court is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED for further proceedings.