NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 21-192

DEANNA SMITH

VERSUS

STATE OF LOUISIANA THROUGH THE

DEPARTMENT OF TRANSPORTATION AND

DEVELOPMENT

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20185856
HONORABLE MICHELLE M. BREAUX, DISTRICT JUDGE

**********

BILLY H. EZELL
JUDGE

**********

Court composed of Billy H. Ezell, Candyce G. Perret, and Sharon Darville Wilson, Judges.

MOTION TO SUPPLEMENT APPELLATE RECORD DENIED.

**Carl Joseph Rachal**
**Jeremy Moody**
**Bart Bernard Law Firm**
**1031 Camellia Boulevard**
**Lafayette, LA 70508**
**(337) 989-2278**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Deanna Smith**

**Matthew Charles Nodier**
**David C. Bolton**
**Nodier Law, L.L.C.**
**8221 Goodwood Boulevard, Suite A**
**Baton Rouge, LA 70806**
**(225) 448-2267**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **State of Louisiana, Department of Transportation and Development**

**Brett W. Tweedel**
**Blue Williams, L.L.P.**
**3421 North Causeway Boulevard, Suite 900**
**Metairie, LA 70002**
**(504) 831-4091**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
      **JB James Construction, L.L.C.**
      **Fouke Sand and Gravel, L.L.C.**

**Donald Guidry, Jr.**
**Assistant Attorney General**
**556 Jefferson Street, 4th Floor**
**Lafayette, LA 70501**
**(337) 262-1700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **State of Louisiana, Department of Transportation and Development**

**EZELL, Judge.**

Plaintiff-Appellant, Deanna Smith, filed a Motion to Supplement Appellate Record with the affidavit of Patrick Reed. Defendants-Appellees, J.B. James Construction, L.L.C. and Fouke Sand & Gravel, L.L.C., oppose the motion because the affidavit was not considered by the trial court when it considered Defendants' Motion for Summary Judgment. For the reasons set forth herein, we deny the motion.

Plaintiff asserts that she suffered serious personal injuries when she tripped and fell over construction string strung across the roadway as she was crossing the street. Plaintiff adds that her fall occurred near roadway construction maintained by the State of Louisiana through the Department of Transportation and Development (DOTD). The DOTD had contracted with Defendants to complete the construction projection. As a result of her injuries, Plaintiff filed suit against the DOTD and Defendants.

Defendants filed a Motion for Summary Judgment on June 2, 2020. On September 15, 2020, the trial court granted summary judgment, dismissing Plaintiff's claims with prejudice. Plaintiff moved for a devolutive appeal, and the record has been lodged in this court.

Plaintiff explains that several months after the trial court's ruling, she obtained an affidavit from Patrick Reed who observed her immediately after her fall. Mr. Reed stated in his affidavit that the string was strewn across the roadway approximately ten inches off the ground. Mr. Reed indicated that he almost tripped over the string himself because the string was very thin and difficult to see.

Plaintiff urges that Mr. Reed's affidavit is directly relevant to the issue before this court—whether the string was an open and obvious hazard. Plaintiff maintains that an appellate court has inherent equitable power to enlarge the record to include material not presented to the trial court as justice requires. *See Gibson v. Blackburn*, 744 F.2d 403 (5th Cir. 1984); *Dickerson v. Alabama*, 667 F.2d 1364 (11th Cir. 1982). If this court does not supplement the record to include Mr. Reed's affidavit, Plaintiff

asserts that the court will be forced to review the summary judgment without an accurate picture of the nature of the hazard. Plaintiff concludes that the affidavit is essential to the proper judicial resolution of this matter, and it would be contrary to the interests of justice to proceed without it.

In opposition to the Motion to Supplement Appellate Record, Defendants state that they were never provided a copy of the Motion to Supplement Appellate Record and only found out about the motion because it was mentioned in Plaintiff's appellate brief. The motion filed on or about April 15, 2021, includes a certificate indicating that a copy of the motion was served on all parties to the pleading. Defendants maintain, however, that they did not receive a copy of the motion until the clerk of this court emailed a copy to undersigned counsel on April 27, 2021, and was advised that an opposition was due on the same day that the motion was received.

Defendants also point out that the motion states that Plaintiff wants to supplement the record to include an affidavit of Patrick Reed. A copy of the affidavit, however, was not attached to the motion but was attached to Plaintiff's appellate brief filed eleven days after the instant motion. Defendants contend that based on what Plaintiff filed, there is nothing for this court to add to the record.

Next, Defendants question why Plaintiff could not have obtained Mr. Reed's affidavit prior to filing her opposition to Defendants' motion for Summary Judgment. According to Defendants, Plaintiff met Mr. Reed on the day of the accident, November 20, 2017. Plaintiff was deposed on November 15, 2019, and admitted that she had Mr. Reed's phone number. Defendants' Motion for Summary Judgment was not filed until June 2, 2020, and was not heard by the trial court until September 9, 2020. Defendants assert that despite having Mr. Reed's contact information for years prior to the deadline for timely filing an affidavit, Plaintiff waited until six months after summary judgment was granted to obtain Mr. Reed's affidavit. Defendants urge that Mr. Reed is not a newly discovered witness but is someone Plaintiff has known

2

about and had access to for several years. Defendants conclude there is no reason why the affidavit could not have been timely obtained.

Defendants add that Plaintiff never mentioned the possibility of an affidavit from Mr. Reed in her opposition filed in the lower court or during oral argument. She never asked the trial court to continue the hearing to allow her additional time to obtain the affidavit, nor did she argue that more discovery was necessary before the motion could be granted. Defendants maintain that to allow Plaintiff to supplement the record to include this "never before heard of affidavit" would prejudice Defendants.

Defendants argue that neither of the cases cited by Plaintiff allow for the record on appeal of a Motion for Summary Judgment to be supplemented with evidence not properly submitted to or considered by the trial court. Both cases, Defendants contend, are federal court cases that involve an appeal on a habeas corpus proceeding and have nothing to do with Louisiana law or motions for summary judgment.

In contrast, Defendants assert that Louisiana law has specific rules relating to Motions for Summary Judgment and the evidence that may be considered. Pursuant to La.Code Civ.P. art. 966(D)(2), a court may only consider documents **filed** in support or opposition to a motion for summary judgment. Also, in *Unifund CCR Partners v. Perkins*, 12-1851 (La.App. 1 Cir. 9/25/13), 134 So.3d 626, the court declined to supplement the record on a motion for summary judgment to include documents that were not offered into evidence at the hearing on the motion. The court explained:

> Louisiana Code of Civil Procedure article 2132 authorizes the correction of a record on appeal that is "incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record;" however, the record should not be supplemented with a document that was never offered, introduced, or admitted into evidence. *See Williams Law Firm v. Board of Supervisor of Louisiana State University,* 03–0079 (La.App. 1 Cir. 4/2/04), 878 So.2d 557, 562.

*Id*. at 629.

In the instant case, Defendants stress that the new affidavit of Mr. Reed was not filed and was not properly admitted in opposition to the Motion for Summary Judgment. Further, Defendants maintain there is no provision in Louisiana law that allows for the record on the appeal of a motion for summary judgment to be supplemented to include an affidavit not properly submitted or considered by the trial court. As such, Defendants conclude that the Motion to Supplement Appellate Record should be denied and that Mr. Reed's affidavit attached to Plaintiff's appellate brief should be stricken.

Pursuant to Uniform Rules—Courts of Appeal, Rule 1-3, "[t]he Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise." Additionally, this court may only consider evidence filed in the trial court in support or opposition to Defendants' Motion for Summary Judgment. Article 966(D)(2). As stated in *Unifund CCR Partners*, 134 So.3d 626, we find that the record in this case should not be supplemented with a document that has not been offered, introduced, or admitted into evidence. Accordingly, we deny Plaintiff's Motion to Supplement Appellate Record and strike the affidavit of Patrick Reed from Plaintiff's appellate brief.

**MOTION TO SUPPLEMENT APPELLATE RECORD DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.