**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jimmy Ray SMITH, Defendant-
Appellant.**

**No. 73–2851
Summary Calendar.**[*]

United States Court of Appeals,
Fifth Circuit.

May 9, 1974.

Rehearing Denied July 23, 1974.

William O. Callaway, Jr., Fort Worth, Tex., for defendant-appellant.

Frank D. McCown, W. E. Smith, Asst. U. S. Atty., Fort Worth, Tex., Scott P. Crampton, Asst. Atty. Gen., (Attention: John P. Burke) Meyer Rothwacks, John P. Burke, Charles E. Brookhart, Attys., Tax Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Smith appeals from a conviction for failure to file an income tax return for 1971 in violation of Section 7203 of the Internal Revenue Code. He also appeals from the district court's denial of his motion under Rule 10(e), Fed.R.App.P., to modify the stipulation in the record in which he stated that he willfully and

[*] Rule 18, 5th Cir., Isbell Enterprises Inc. v. Citizens Casualty Company of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

knowingly failed to make the required income tax return. On the merits Smith insists that the requirement of filing a tax return violated his right against self-incrimination, and that the evidence was insufficient to sustain a conviction. We affirm.

Smith was indicted for tax evasion while a state indictment for selling heroin and cocaine was also pending against him. At trial, he stipulated that he had received income, that he was required by law to file an income tax return, and that knowing this, he willfully and knowingly failed to make such a return. Having thus evacuated his statutory defenses, he fell back on the Fifth Amendment: because he would have had to report that his income came from selling heroin and cocaine, the requirement of filing a return violated his Fifth Amendment privilege. The district court convicted him and sentenced him to six months' imprisonment.

Seeking to avoid the effect of his stipulation, Smith subsequently requested, under Fed.R.App.P. 10(e), the district court ". . . to correct, modify, and supplement the record so as to reflect that the meaning of 'willful' as used in [the] stipulations . . . means an act done 'purposefully with an awareness of the action and not just negligently or inadvertently.'" Additionally, Smith requested that court to make findings that ". . . the evidentiary

test of willfulness used by the court was the test pronounced in United States v. Douglass, 476 F.2d 260, 263 (5th Cir. 1973), defining a willful act as one 'purposefully done with an awareness of the action and not just negligently or inadvertently,' [and not] the test of willfulness pronounced by United States v. Bishop," 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973), the most recent Supreme Court decision on the issue.

■■ That court denied the motions on the basis that Rule 10(e) [1] does not empower a district court to modify parties' stipulations or make new findings of fact after docketing of the appeal in the court of appeals. We agree. Rule 10(e) exists to allow the district court to conform the record to what happened, not to what did not.[2]

■ As to Smith's claim of Fifth Amendment privilege, nothing has changed since United States v. Sullivan, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927), where the Supreme Court said:

If the form of return provided called for answers that the defendant was privileged from making he could have raised the objection in the return, but could not on that account refuse to make any return at all.

Cf. California v. Byers, 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9 (1971).

■ Finally, we conclude that Smith's own stipulation that he know-

---

1. Fed.R.App.P. 10(e):

"*Correction or Modification of the Record.* If any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the district court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper *suggestion or of its own* initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and

content of the record shall be presented to the court of appeals."

2. Although it is unnecessary to our decision, we note that we are not persuaded by Smith's contention that *Bishop* established a new definition of willfulness—a standard to which Smith claims he did not stipulate. Not only was *Bishop* decided a month before Smith's stipulation, but the *Bishop* court cited this Court's decision on the issue, Haner v. United States, 315 F.2d 792 (5th Cir. 1963), with favor. 412 U.S. at 348, 93 S.Ct. at 2011, 36 L.Ed.2d at 944, n. 2. Additionally, we see no meaningful distinction between the *Bishop* standard and our decision in United States v. Douglass, 476 F.2d 260 (5th Cir. 1973).

# 908

ingly and willfully failed to make an income tax return was sufficient evidence of his state of mind to support his conviction for willful failure to file an income tax return.

Affirmed.