# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2010

No. 09-50341

Lyle W. Cayce
Clerk

DRAYLONE L. WEATHERSBY,

Plaintiff-Appellant

v.

ONE SOURCE MANUFACTURING TECHNOLOGY, L.L.C.,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CV-87

Before BARKSDALE, GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Draylone Weathersby ("Weathersby") sued Defendant-Appellee One Source Manufacturing Technology, L.L.C. ("One Source") under Title VII of the Civil Rights Act, alleging One Source did not hire him because he is African-American. The matter went to trial before a jury, which returned a verdict in favor of One Source. The district court accepted the jury's verdict and entered judgment, awarding costs to One Source. In this appeal, Weathersby challenges two evidentiary rulings the district court made at trial.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50341

Weathersby sought to introduce into evidence a Letter of Determination by the Equal Employment Opportunity Commission ("EEOC"). In the letter, the EEOC concluded that One Source had violated Title VII when it did not hire Weathersby. The district court excluded the Letter of Determination pursuant to Federal Rule of Evidence 403 because it concluded that its prejudicial nature substantially outweighed any probative value. As the district court explained in its ruling on Weathersby's motion for a new trial, the letter had very little probative value as it "merely lists the Plaintiff's allegations and the Defendant's responses . . . without making any factual findings, repeats hearsay . . . without bothering to identify the source of the statements and whether they were made under oath or subject to perjury, and reaches the legal conclusion that the Defendant violated Title VII . . . ." *Weathersby v. One Source Mfg. Tech., L.L.C.*, No. A-08-CA-087-SS, at *6 (W.D. Tex. Apr. 2, 2009) (brackets and quotation marks omitted) (citing *Cortes v. Maxus Exploration Co.*, 977 F.2d 195, 201-202 (5th Cir. 1992); *EEOC v. Manville Sales Corp.*, 27 F.3d 1089, 1095 (5th Cir. 1994); *Price v. Fed. Express Corp.*, 283 F.3d 715, 725 (5th Cir. 2002); *Haines v. Tex. Workers Comp. Comm'n*, No. 04-50309, 2005 U.S. App. LEXIS 5, at *3 (5th Cir. Jan. 3, 2005) (unpublished)). The district court further noted that this court's precedents recognize the high likelihood of unfair prejudice of an EEOC letter containing a legal conclusion, potentially leading the jury to give the EEOC's decision improper weight "rather than make an independent decision based on all the evidence presented at trial." *Id.* at *7. Additionally, the district court observed that with the exception of the letter's highly prejudicial legal conclusion, the information provided therein "would have merely been cumulative of the live testimony presented to the jury over the course of the trial." *Id.*

Weathersby also sought to introduce a resume that he claimed he submitted to One Source when he applied for the job. Evidently, pursuant to its

powers under Federal Rules of Civil Procedure 16, 26 and 37, the district court excluded the resume on the grounds that Weathersby had not identified it on the proposed list of exhibits as mandated by the stipulated scheduling order and that the resume was produced well after the scheduling order's discovery cut-off and only shortly before trial. The district court also pointed out that the resume was found attached to an email that was sent to an unrelated prospective employer, not One Source, and noted that it had been in Weathersby's control at all times "and could have been easily located through a diligent search." *Id.* at \*9. Further, the district court stated that the late production would have "unfairly prejudiced" One Source. *Id.* Weathersby, on the other hand, failed to establish that the resume's exclusion adversely affected the jury's verdict. *Id.*

"[A] trial court's evidentiary ruling[s] [are reviewed] for an abuse of discretion." *Price v. Rosiek Constr. Co.*, 509 F.3d 704, 707 (5th Cir. 2007) (citing *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 265 (5th Cir. 2007)). Having carefully considered the parties briefs and pertinent portions of the record, we find no abuse of discretion and AFFIRM essentially for the reasons provided by the district court's carefully crafted April 2, 2009 Order.

We also GRANT One Source's motion to strike the Affidavit of Weathersby's counsel, filed in support of Weathersby's assertion that the district court should not have excluded his resume. The affidavit, which contains hearsay testimony regarding a conversation Weathersby's counsel allegedly had with a juror, was never before the district court, and Weathersby never filed a motion to supplement the record. *See* FED. R. APP. P. 10(a) & (e). "As a general rule, [we] 'will not enlarge the record on appeal with evidence not before the district court.'" *McIntosh v. Partridge*, 540 F.3d 315, 327 (5th Cir. 2008) (quoting *Trinity Indus., Inc. v. Martin*, 963 F.2d 795, 799 (5th Cir. 1992)); *see also United States v. Smith*, 493 F.2d 906 (5th Cir. 1974) (holding that Rule 10(e) exists in order to ensure that the record considered by this court accurately reflects what

No. 09-50341

actually happened at the district court level and not to introduce new evidence in the court of appeals which was never before the district court). Weathersby has not provided any reason why this court should depart from this rule in the instant case, nor are we aware of any. Similarly, we also GRANT One Source's motion to strike Weathersby's brief's improper references to his response to One Source's motion for summary judgment in the district court because the materials referred to therein were not introduced or admitted at trial. Moreover, even had the materials been admitted, citation should, of course, have been to the trial record, not to summary judgment materials.

AFFIRMED. MOTIONS GRANTED.