VIRGINIA EMERSON HOPKINS, United States District Judge
Before the Court is Defendant Portfolio Recovery Associates, LLC,'s ("PRA")
*1230 Amended Motion for Leave To Supplement the Record (the "Amended Motion for Leave"). (Doc. 25). As more specifically set out below, the Amended Motion for Leave fails to comply with this Court's Uniform Initial Order and is due to be DENIED for that reason. It is also due to be DENIED for the alternative reason that the facts and documents that PRA seeks to add to the record on appeal are either already in the record or would improperly add to the appellate record facts and documents that were not before this Court at the time it entered the Order being appealed. This Court will not join with PRA in misrepresenting the record on appeal.
I. BACKGROUND
Plaintiff William Lester, Jr., filed this suit against PRA alleging that PRA continues to falsely report to credit reporting agencies that Plaintiff owes $3,046 on a certain account. (Doc. 1-1 at 13-16, ¶¶ 59, 60, 66, 78, 83, 91). The account at issue ends with the numbers -4658 and is associated with a Lowes Home Improvement credit card (the "Account"). The credit card was issued by Synchrony Bank ("Synchrony"), but PRA purchased the Account.
On May 3, 2018, PRA filed a Motion To Stay or Dismiss Proceedings and Compel Arbitration (the "Arbitration Motion"). (Doc. 16). On the same day, PRA also filed its Brief in support of its Arbitration Motion. (Doc. 17). Attached to the Brief in support of the Arbitration Motion was a Declaration of Martha A. Koehler ("Ms. Koehler"), the Manager of Litigation Support for Synchrony (the "Synchrony Declaration"). (Doc. 17-1). Attached to the Synchrony Declaration are several exhibits. (See id. ) In the Synchrony Declaration, Ms. Koehler states, inter alia : "Enclosed within the billing statement dated February 28, 2012 was a change in the terms to the Account. The change in terms is attached hereto as Exhibit B ." (Id. at 3, ¶ 8). Indeed, the change in terms (the "Change in Terms") is attached as Exhibit B. (Id. at 8-9). In the Synchrony Declaration, Ms. Koehler also states, inter alia : "According to Synchrony's records, Synchrony sold the Account to [PRA] in June 2016. The Account was one of the accounts sold by Synchrony to [PRA] under the Bill of Sale and Affidavit of Sale of Account annexed hereto as Exhibit G ." (Id. at 3, ¶ 14). Although Ms. Koehler references an "Affidavit of Sale of Account" (the "Affidavit of Sale"), no Affidavit of Sale is attached to the Synchrony Declaration in Exhibit G. (See id. at 25-26).
On May 17, 2018, Plaintiff filed his opposition (doc. 19) to the Arbitration Motion, and on May 22, 2018, the Court set a hearing on it for June 20, 2018. (Doc. 20).
At the hearing, the Court pointed out that Plaintiff had said that the Synchrony Declaration "references documents that are supposedly attached that aren't." (Doc. 22 at 13-14). PRA's attorney responded that the part of the Synchrony Declaration stating that the Affidavit of Sale was attached as Exhibit G was a "typographical error." (Id. at 14). Furthermore, PRA's attorney stated, "I don't know that there's an affidavit of sale of account that exists." (Id. ) PRA's attorney later made clear PRA's view that this was a typo by stating, "That was a typo in this declaration. [The Affidavit of Sale] wasn't something that was intended to be attached as Exhibit G. I'm not aware of." (Id. at 15). On a separate matter regarding a sale notification letter (the "Sale Notification Letter"), the following exchange took place between PRA's attorney and the Court:
[PRA's Attorney]: ... We don't think we need something to magically say this has been assigned. But, Your Honor, this is what I handed up to your clerk before the hearing today. If the Court *1231 really lie [sic] believes that that is necessary, here it is. This letter - -
THE COURT: Did you give a copy of this to - -
[PRA's Attorney]: Yes, before the hearing, Your Honor.
THE COURT: Thank you.
[PRA's Attorney]: This letter itself, we don't believe you have to [sic] the magic word of assign, and I want to make that point very clear.
(Id. at 55-56). The Sale Notification Letter was not mentioned at any other time during the hearing.
On July 11, 2018, the Court issued a Memorandum Opinion and Order denying the Arbitration Motion. (Doc. 21). The Court stated,
Accordingly, on these facts, and in light of the Defendant's underdeveloped argument on this issue, the Court HOLDS that Synchrony only transferred to PRA the right to collect Lester's receivable. Because the right to compel arbitration for the Plaintiff's claims is not associated with legally enforcing, filing suit, collecting, settling, or a similar action with respect to the receivable, the Court cannot hold that Utah Code Ann. § 70A-9a-404, or any other (un-cited) provision of Utah law, operates to give PRA the right to arbitrate the claims in this case. The Motion is DENIED .
(Id. at 16-17) (emphasis added).
On August 10, 2018, PRA filed a Notice of Appeal as to the Court's Memorandum Opinion and Order denying its Arbitration Motion. (Doc. 24). On the same day, PRA filed a Motion for Leave To Supplement the Record (the "Motion for Leave") (doc. 23), which the Court denied on August 14, 2018, for failure to comply with the Court's Uniform Initial Order (doc. 7). (Doc. 26).
The day before the Court denied the Motion for Leave, however, on August 13, 2018, PRA filed its Amended Motion for Leave. (Doc. 25). PRA represents that the Amended Motion for Leave was "amended solely to indicate the motion is opposed and to set forth the information required by Section IV, Paragraph B of the Court's Uniform Scheduling Order." (Id. at 1 n.1). In its Amended Motion for Leave, PRA requests that this Court supplement the record with certain facts and with "the declaration with exhibits that is attached hereto Exhibit 1 " (id. at 2, 5), which includes four documents. (See doc. 25-1).
II. STANDARDS
A. This Court's General Authority To Enforce Its Orders
That federal courts are accorded certain inherent powers is well-established. Chambers v. NASCO, Inc. , 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). These powers are not governed by rule or by statute, "but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co. , 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). These inherent powers include a district court's authority to enforce its own orders. See Jones v. Graham , 709 F.2d 1457, 1458 (11th Cir. 1983) (referring to a district court's "authority to enforce its orders").
B. Supplementing a Record for Appeal Under Federal Rule of Appellate Procedure 10[1]
Rule 10(a) of the Federal Rules of Appellate Procedure provides that the record on appeal consists of "the original papers and exhibits filed in the district court,"
*1232 "the transcript of proceedings, if any," and "a certified copy of the docket entries prepared by the district clerk." FED. R. APP. P. 10(a). This record, however, can be supplemented by a district court under two scenarios. See FED. R. APP. P. 10(e). The first scenario is "[i]f any difference arises about whether the record truly discloses what occurred in the district court." FED. R. APP. P. 10(e)(1). The second scenario is "[i]f anything material to either party is omitted from or misstated in the record by error or accident." FED. R. APP. P. 10(e)(2).
When analyzing a motion under Rule 10(e), district courts must keep in mind that " Rule 10(e) exists to allow the district court to conform the record to what happened, not to what did not." United States v. Smith , 493 F.2d 906, 907 (5th Cir. 1974).[2] In fact, "[i]t is well-settled that the purpose of Rule 10(e) is not to allow a district court 'to add to the record on appeal matters that did not occur there in the course of proceedings leading to the judgment under review.' " Fassett v. Delta Kappa Epsilon (New York) , 807 F.2d 1150, 1165 (3d Cir. 1986) (quoting 9 J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 210.08(1), at 10-55 (2d ed. 1985) ). Accordingly, Rule 10(e) should not be used to allow the introduction of new evidence in the appellate court. See Smith , 493 F.2d at 907 ; see also Weathersby v. One Source Mfg. Tech., L.L.C. , 378 F. App'x 463, 466 (5th Cir. 2010) (stating in a parenthetical that Smith held that " Rule 10(e) exists in order to ensure that the record considered by this court accurately reflects what actually happened at the district court level and not to introduce new evidence in the court of appeals which was never before the district court").
III. ANALYSIS
A. PRA's Amended Motion for Leave Is Denied for Failure To Comply with the Court's Uniform Initial Order
Section IV.B of the Court's Uniform Initial Order provides as follows:
B. Motions (Other than Dispositive Motions and Motions to Remand)
Prior to filing any motion (other than a dispositive motion or a motion to remand) in this case, moving counsel shall contact the opposing counsel and determine if counsel will oppose the motion. All motions SHALL include, in the caption under the case number, a notation that the motion is either "Opposed" or "Unopposed." In addition to the requirements of Fed. R. Civ. P. 37(a)(1), the first paragraph SHALL briefly summarize the parties' attempts to resolve the issue(s) and set forth areas of agreement and disagreement.
(Doc. 7 at 10) (emphasis by underlining added). Thus, Section IV.B sets forth three requirements that the movant must meet "[p]rior to filing any motion (other than a dispositive motion or a motion to remand)." (Id. ) (emphasis added).
Here, PRA's Amended Motion for Leave is not a dispositive motion or a motion to remand and thus PRA, as the movant, must meet the requirements in Section IV.B. PRA itself recognizes this, as even before the Court denied its Motion for Leave for failure to comply with the Court's Uniform Initial Order, PRA filed its Amended Motion for Leave "solely to indicate the motion is opposed and to set forth the information required by Section IV, Paragraph B of the Court's Uniform *1233 Scheduling Order." (Doc. 25 at 1 n.1). Despite PRA's insistence that it has complied with the requirements of Section IV.B, it has not.
Relevant to this portion of the analysis, PRA made two changes in its Amended Motion for Leave. First, in the first paragraph of its Amended Motion for Leave, PRA added two sentences indicating that its counsel had contacted opposing counsel and determined that opposing counsel would oppose the motion: "Prior to filing the Motion for Leave to Supplement the Record (Dkt. No. 23), counsel for PRA contacted counsel for the Plaintiff seeking Plaintiff's consent to the motion. PRA understands that Plaintiff does not consent to the relief sought in the motion." (See id. at 1). Second, PRA added the word "OPPOSED " in the caption under the case number. (See id. ) With these changes, PRA has complied with the first two requirements of Section IV.B. What is still missing, however, is any language that complies with the third requirement of Section IV.B-that the movant, in the first paragraph, "SHALL briefly summarize the parties' attempts to resolve the issue(s) and set forth areas of agreement and disagreement." (Doc. 7 at 10).[3] Thus, PRA has failed to comply with Section IV.B of the Court's Uniform Initial Order because PRA did not "briefly summarize the parties' attempts to resolve the issue(s)" or "set forth areas of agreement and disagreement" in the "first paragraph" of its Amended Motion for Leave. (Id. )
B. Alternatively, PRA's Amended Motion for Leave Is Denied Because the Facts and Documents Should Not Be Added To the Record Under Rule 10(e)
The sole authority cited by PRA in its request to supplement the record is Young v. City of Augusta ex rel. DeVaney , 59 F.3d 1160 (11th Cir. 1995). (See doc. 25 at 4-5, ¶ 9). Young , however, does not involve a district court using one of the district court's possible bases under Rule 10(e) to supplement a record for appeal; instead, Young involves a circuit court using the circuit court's own inherent equitable powers to supplement a record on appeal. See Young , 59 F.3d at 1168. District courts do not have the same inherent equitable powers as circuit courts have to supplement a record on appeal. See Freedman, Levy, Kroll & Simonds v. Mendelson , 197 F.R.D. 276, 279-80 (E.D. Va. 2000) (analyzing cases, including cases from the U.S. Supreme Court and the Eleventh Circuit, and concluding that there are "four general circumstances in which federal appellate courts consider matters beyond the record on appeal as a matter of inherent discretion" (emphasis added) ); see also Thomas v. Lodge No. 2461 of Dist. Lodge 74 of Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO , 348 F.Supp.2d 708, 711 (E.D. Va. 2004) ("[T]he decisional law ... 'indicate[s] four general circumstances in which federal appellate courts consider matters beyond the record on appeal as a matter of inherent discretion.' " (emphasis supplied in Thomas ) (quoting Mendelson , 197 F.R.D. at 279 ) ). Thus, Young provides no support for PRA's request that this Court supplement the record for appeal.
The Court has analyzed whether the facts and documents PRA seeks to have added to the record fall within either of the two scenarios authorized by Rule 10. The Court concludes that they do not.
PRA's Amended Motion for Leave includes two separate requests to supplement the record. In its first request, PRA states,
*1234 2. On June 20, 2018, the Court held a hearing on PRA's Motion to Compel Arbitration. At the hearing, PRA's counsel proffered certain facts to the Court regarding the documentation related to the sale of Plaintiff's account at issue. PRA's counsel also proffered a copy of the sale notification letter that was sent to Plaintiff at the time the account at issue was sold by Synchrony Bank to PRA.
3. Although counsel proffered certain facts and documentary evidence to the Court during its hearing, because the hearing was not evidentiary in nature, the document did not become part of the record.
...
5. In order to ensure that the Eleventh Circuit Court of Appeals has a complete record on appeal, PRA respectfully requests leave of Court to supplement the record with documents and testimony underlying the facts that PRA's counsel proffered to the Court on June 20, 2018.
(Doc. 25 at 2, ¶¶ 2, 3, 5) (emphasis added). In its second request, PRA "requests that this Court supplement the record to include the declaration with exhibits that is attached hereto Exhibit 1 ," (id. at 5, ¶ 10), which includes four documents. (See doc. 25-1). Thus, overall, PRA requests that certain facts and four documents be added to the record.[4] The Court will first address PRA's request that facts be added to the record and then address PRA's request that documents be added to the record.
The Court cannot supplement the record with the facts that PRA represents its counsel proffered to the Court or with testimony underlying those facts. First, PRA never identifies any specific facts or testimony to which it is referring, and PRA never identifies when these facts were supposedly "proffered" at the hearing. (See doc. 25). Second, PRA did not present any evidence at the hearing to support these facts, as PRA admits that "the document [about which it 'proffered' facts] did not become part of the record." (Id. at 2, ¶ 3). Third, it is black letter law that "[c]ounsel's statements are not evidence." United States v. Gibson , 678 F. App'x 823, 830 (11th Cir. 2017) (citing United States v. Smith , 918 F.2d 1551, 1561 (11th Cir. 1990) ). Therefore, it would have been inappropriate for this Court to rely on counsel's statements as evidence when deciding the Arbitration Motion. Yet, if the Court were to grant the Amended Motion for Leave, this Court would be misleading the reviewing court as to what actually transpired here. PRA has not stated that the hearing transcript is erroneous or incomplete. Thus, anything that PRA's counsel (or anyone else) said is already in the record. This Court will not convert counsel's statements into evidence.[5] Furthermore, to the extent that PRA seeks, under the ruse of "supplementing the record," to add to the record on appeal facts and testimony that were never offered to this Court, such effort is improper. See Smith , 493 F.2d at 907. Thus, the Court cannot "supplement" the record with these facts or with testimony underlying them.
The Court also cannot "supplement" the record with the four documents that PRA
*1235 requests be added to the record. The Court will analyze these documents in turn:
1. A business records custodian declaration made by PRA's custodian of records on August 10, 2018 (doc. 25-1 at 2-4) (the "PRA Declaration");
2. The Affidavit of Sale (id. at 6-7);
3. A set of terms and conditions governing the Account (id. at 9-10); and
4. The Sale Notification Letter (id. at 12-13).
1. The PRA Declaration Cannot Be Added To the Record Because It Is New Evidence That Was Not Before the Court
The PRA Declaration is dated August 10, 2018. (Id. at 4). Thus, the PRA Declaration came into existence only after the Court rendered its Memorandum Opinion and Order on PRA's Arbitration Motion. (Compare id., with doc. 21 at 17). Supplementing the record with the PRA Declaration would constitute adding new evidence to the record. Because district courts cannot use Rule 10(e) to introduce new evidence into the record, see Smith , 493 F.2d at 907, the Court cannot supplement the record with the PRA Declaration.
2. The Affidavit of Sale Cannot Be Added To the Record Because It Is New Evidence That Was Not Before the Court
For the Affidavit of Sale, PRA represents the following facts:
[D]uring the hearing, the Court inquired as to the language of the Affidavit of Sale of Account, which was referenced in [the Synchrony Declaration] in support of PRA's [Arbitration Motion]. During the hearing, PRA's counsel indicated that it was unsure whether that document existed as a document separate from the Bill of Sale. After the hearing, PRA's counsel obtained a copy of the Affidavit of Sale of Account.
(Doc. 25 at 4, ¶ 7). This representation of facts is very misleading. What took place was not that the Court asked about the language of the Affidavit of Sale and then the attorney for PRA responded that he was unsure if the Affidavit of Sale was a separate document. What actually took place was the following. First, the Court pointed out that Plaintiff had said there was a problem with the Synchrony Declaration because it stated that the Affidavit of Sale was attached even though it was not attached.[6] (See doc. 22 at 13-14). Thus, contrary to what PRA now represents, the Court did not inquire into the Affidavit of Sales's language. Indeed, there was no Affidavit of Sale (or, for that matter, any language of the Affidavit of Sale) for the Court to inquire into. Instead, the Court merely pointed out the error of the Synchrony Declaration referencing an Affidavit of Sale that was not attached. Second, PRA's attorney stated, "I don't know that there's an affidavit of sale of account that exists, but the bill of sale is there." (Id. at 14). Thus, again, contrary to what PRA now represents, PRA's attorney never specifically stated that he was unsure whether the Affidavit of Sale was the same document as the bill of sale or existed separately. Instead, PRA's attorney initially made two distinct points: (1) that he did not know if the Affidavit of Sale existed (id. )
*1236 ("I don't know that there's an affidavit of sale of account that exists, ...."), and (2) that he did know that the bill of sale existed and was attached. (See id. ) ("... [B]ut the bill of sale is there ...."). PRA's counsel never linked these two distinct points together in a way that conveyed to the Court that counsel was unsure whether the Affidavit of Sale existed separately or as part of the bill of sale. Third, PRA's attorney repeatedly stated that there was a typo in the Synchrony Declaration and plainly stated that the Affidavit of Sale "wasn't something that was intended to be attached." (Id. at 14-15). These statements contradict PRA's current representation that PRA's attorney was unsure if the Affidavit of Sale existed separately or as part of the bill of sale.
Even putting aside this misrepresentation, the Court cannot supplement the record with the Affidavit of Sale. Just like supplementing the record with the PRA Declaration, supplementing the record with the Affidavit of Sale would constitute adding new evidence to the record. PRA did not file into the record a copy of the Affidavit of Sale before the Court rendered its Memorandum Opinion and Order on PRA's Arbitration Motion. Again, because district courts cannot use Rule 10(e) to introduce new evidence into the record, see Smith , 493 F.2d at 907, the Court cannot supplement the record with the Affidavit of Sale.[7]
3. The Terms and Conditions Governing the Account Will Not Be Added To the Record Because It Is Already in the Record
Unlike the first two documents, the set of terms and conditions governing the Account with which PRA requests to supplement the record is not new evidence. Indeed, it is a document with which the Court is familiar. PRA, too, should be familiar with this document. This familiarity, however, is a problem. The reason the Court-and presumably PRA-is familiar with this document is because this set of terms and conditions is actually the Change of Terms that PRA attached to its Brief in support of its Arbitration Motion. (Compare doc. 25-1 at 9-10, with doc. 17-1 at 8-9). This Change of Terms is already included in the record. (Doc. 17-1 at 8-9).[8] Thus, PRA went from one extreme of requesting that new evidence never before the Court be added to the record to another extreme of requesting that something already in the record be added to the record. The Court will not supplement the record with a document that is already in the record.
*1237 4. The Sale Notification Letter Cannot Be Added To the Record Because It Is New Evidence That Was Not Before the Court
The Sale Notification Letter falls at neither end of the two extremes previously discussed. Unlike the PRA Declaration and the Affidavit of Sale, the Sale Notification Letter at least existed at the time of the hearing and PRA's counsel was both sure of its existence and had a copy of it at the hearing. And, unlike the Change of Terms, the Sale Notification Letter is not already in the record. Still, however, PRA again attempts to mislead the Court.
Regarding the Sale Notification Letter, PRA represents that "[a]lthough counsel proffered ... documentary evidence to the Court during its hearing, because the hearing was not evidentiary in nature, the document did not become part of the record." (Doc. 25 at 2, ¶ 3) (emphasis added). It appears that PRA is blaming the Court for the Sale Notification Letter not becoming part of the record. The Court, however, states that the real reason that the Sale Notification Letter did not become part of the record is that PRA never offered it as evidence, much less offered it in an authenticated form. While it is true that PRA briefly mentioned the Sale Notification Letter and provided an unauthenticated copy to the Court at the hearing (see doc. 22 at 55-56), what is far more telling is what PRA did not do: (1) PRA did not treat the Sale Notification Letter as evidence at the hearing; (2) PRA never gave the Court notice at the hearing that the Sale Notification Letter was being discussed as evidence; (3) PRA never gave opposing counsel notice at the hearing that the Sale Notification Letter was being discussed as evidence; (4) PRA never authenticated the Sale Notification Letter at the hearing as required by Federal Rule of Evidence 901,[9] see FED. R. EVID. 901 ; and (5) PRA never attempted to introduce the Sale Notification Letter as evidence into the record during the time between the hearing (June 20, 2018) and the date of the Court's Memorandum Opinion and Order on the Arbitration Motion (July 11, 2018). Documents that were submitted with proper authentication, including the documents submitted by PRA that were attached to its Brief in support of its Arbitration Motion, were considered by the Court.
Moreover, the Court cannot now add the Sale Notification Letter to the record to, as PRA argues, "ensure that the Court of Appeals has a full evidentiary record before it to aid it in making an informed decision." (Doc. 25 at 4, ¶ 9) (emphasis added). If this Court were to add the Sale Notification Letter to the record, the Eleventh Circuit would not have "a full evidentiary record." It would have a record that is larger than the record before this Court. Thus, adding the Sale Notification Letter to the record would constitute inappropriately supplementing the record with new evidence. See Smith , 493 F.2d at 907.
Furthermore, another district court case provides persuasive authority for the proposition that the Court cannot use Rule10(e) to supplement the record with the Sale Notification Letter. In Bond v. Marriott International, Inc. , No. 10-1256, 2015 WL 12988744 (D. Md. Apr. 9, 2015), the plaintiffs "move[d] to supplement the record with the PowerPoint presentations that both parties gave in open court during the ... oral argument on the motions for summary judgment filed by each side." Id. at *1. Similar to the hearing in this case, the hearing in Bond "was not an evidentiary hearing." Id. Similar to the Sale Notification *1238 Letter, some of the slides in Bond were presented to the district court. Id. And, similar to the Sale Notification Letter, the slides in Bond were not "receive[d] ... in[to] evidence." Id. The district court in Bond did not supplement the record under Rule10(e). Id. at *2. Instead, the district court in Bond stated that "[t]o the extent that the parties mentioned the slides during the argument, that is reflected in the transcript that is part of the record." Id. at *1. Here, too, to the extent that PRA mentioned the Sale Notification Letter during the hearing, that is included in the record as part of the transcript. But, similar to the district court in Bond , the Court cannot supplement the record with the Sale Notification Letter.
IV. CONCLUSION
In its Amended Motion for Leave, PRA attempts to mislead this Court in order to get certain evidence added to the record for the Eleventh Circuit to consider in the first instance. First, PRA attempts to mislead the Court by stating that its Amended Motion for Leave complies with Section IV.B of the Court's Uniform Initial Order even though it clearly does not. Second, PRA attempts to mislead the Court by requesting that the PRA Declaration be added to the record "to ensure ... a full evidentiary record" (doc. 25 at 4, ¶ 9) even though this document did not even exist until after the Court rendered its Memorandum Opinion and Order on PRA's Arbitration Motion. Third, PRA attempts to mislead the Court by mischaracterizing what was said in open court regarding the Affidavit of Sale. Fourth, PRA attempts to mislead the Court by requesting that the Change of Terms be added to the record even though it is already in the record. Fifth, PRA attempts to mislead the Court by labeling the Sale Notification Letter as "documentary evidence" (id. at 2, ¶ 3) even while it admits that the Sale Notification Letter was never admitted into evidence (or even offered).
In addition to these five specific instances of attempting to mislead the Court, PRA also attempts to mislead the Court in a more general way. PRA states that it "wishes to ensure that the Court of Appeals has a full evidentiary record before it to aid it in making an informed decision." (Id. at 4, ¶ 9). PRA seemingly fails to recognize, however, that this Court, as it should have, denied PRA's Arbitration Motion based on the evidence that was before it. Thus, adding new evidence to the record would be the exact opposite of "ensur[ing] that the Court of Appeals has a full evidentiary record before it." (Id. ) PRA can file another motion to compel arbitration and present to this Court properly authenticated evidence as part of that motion.[10] What PRA cannot do, however, is present new evidence to the Eleventh Circuit on appeal for consideration by that Court in the first instance.
Accordingly, PRA's Amended Motion for Leave is DENIED because it fails to comply with the Court's Uniform Initial Order. Alternatively, PRA's Amended Motion for Leave is DENIED because the facts and documents that PRA requests be added to "supplement" the record are new evidence whose inclusion would add to the record on appeal matters that did not occur before this Court.
DONE and ORDERED this the 24th day of August, 2018.

PRA never identifies what rule it relies upon in bringing its Amended Motion for Leave. (See doc. 25). However, the appropriate rule for analysis is Federal Rule of Appellate Procedure 10.

This is binding authority in the Eleventh Circuit. See Bonner v. City of Prichard , 661 F.2d 1206, 1207 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding on all federal courts in the Eleventh Circuit).

The Court has also reviewed the rest of PRA's Amended Motion for Leave. This requirement is not met anywhere in the document.

Because the only document PRA references in its first request is the Sale Notification Letter (see doc. 25 at 2, ¶¶ 2, 5), which is also included in its second request (see id. at 5, ¶ 10) (see also doc. 25-1 at 12, 13), the Court will analyze the part of the first request regarding the Sale Notification Letter with the second request. Thus, there are a total of four documents that PRA requests that the Court add to the record.

To be clear, the Court does not agree with PRA's representations as to what was said at the hearing. However, the transcript speaks for itself.

The relevant language from the Synchrony Declaration is as follows: "According to Synchrony's records, Synchrony sold the Account to [PRA] in June 2016. The Account was one of the accounts sold by Synchrony to [PRA] under the Bill of Sale and Affidavit of Sale of Account annexed hereto as Exhibit G ." (Doc. 17-1 at 3, ¶ 14)

Furthermore, PRA does not argue-and could not argue-that the Affidavit of Sale falls under Rule 10(e)(2), which allows district courts to supplement the record for appeal "[i]f anything material to either party is omitted from or misstated in the record by error or accident." Fed. R. App. P. 10(e)(2). For the sake of argument, assuming without deciding that Rule 10(e)(2) would allow a district court to supplement the record for appeal with a document that a party mistakenly did not attach to a brief, this was not the scenario here.

In addition to misleading the Court by requesting that a document that is already in the record be added to the record, PRA is also misleading the Court by representing through the PRA Declaration that the Change of Terms is the "applicable Terms and Conditions governing the Account." (See Doc. 25-1 at 3, ¶ 7). While it is possible that the Change of Terms may have the most up-to-date information that is material to this case, the Change of Terms does not fully govern the Account. As stated in the Synchrony Declaration that PRA attached to its Brief in support of its Arbitration Motion, a subsequent change of terms (doc. 17-1 at 11) occurred that updated the Change of Terms. (Doc. 17-1 at 3, ¶ 8).

PRA would have been required to authenticate the Sale Notification Letter to introduce it as evidence because the Sale Notification Letter is not a self-authenticating document. See Fed. R. Evid. 902.

The Court does not understand why PRA insists upon appellate review of a record it apparently deems inadequate-a conclusion this Court previously reached in its Order-rather than putting adequate evidence before this Court for its determination in the first instance.