# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 23-50464
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MICHAEL LYNN WEBB,

*Defendant—Appellant*.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:13-CR-10-2

―――――――――――――――――――――――

Before HIGGINSON, HO, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

In 2013, Michael Lynn Webb pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of actual methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. Webb was sentenced to 188 months of imprisonment, followed by five years of supervised release. In 2023, the

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-50464

district court revoked Webb's supervised release and sentenced him to sixty months of imprisonment and five years of supervised release. The district court imposed special conditions of supervision related to sex offenders after the probation officer notified the court at the revocation hearing that Webb had a prior state conviction for sexual assault of a child.

In this court, the Government filed an opposed motion to supplement the record on appeal with state court documents pertaining to Webb's state conviction for sexual assault of a child, or, in the alternative, for this court to take judicial notice of the conviction. This court granted the motion to supplement the record.

On appeal, Webb argues: (1) that his sentence above the advisory guidelines range was unreasonable; (2) that the district court violated both his right to due process and Federal Rule of Criminal Procedure 32.1 by not providing prior notice of his state sex offense conviction; and (3) that the district court erred in imposing sex offender-related conditions of supervised release. Webb also requests that we reconsider the decision granting the Government's motion to supplement the record on appeal.

First, because Webb failed to preserve his challenge to the reasonableness of his sixty-month sentence, we review only for plain error. *See United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020); *United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009). Under this standard, Webb's arguments that the district court procedurally erred by failing to consider the advisory guidelines range and provide an adequate explanation for his above-guidelines sentence are unavailing. *See Kippers*, 685 F.3d at 498; *see also Rita v. United States*, 551 U.S. 338, 358 (2007). Webb also fails to show any clear or obvious error regarding his argument that the district court procedurally erred by imposing a sentence based on clearly erroneous facts regarding his state conviction for

sexual assault of a child. *See Puckett*, 556 U.S. at 135; *Kippers*, 685 F.3d at 497. Further, Webb has failed to show any clear or obvious error regarding the substantive reasonableness of his sentence. *See United States v. Foley*, 946 F.3d 681, 685 (5th Cir. 2020); *see also Puckett*, 556 U.S. at 135. Lastly, we have routinely upheld revocation sentences exceeding the recommended range, even where the sentence is the statutory maximum. *See*, *e.g.*, *Kippers*, 685 F.3d at 500–01 (affirming a revocation sentence that was the statutory maximum of forty-eight months and more than five times above the top of the advisory range, which was three to nine months).

Next, due to the absence of controlling authority, Webb cannot establish clear or obvious error regarding his challenge to the lack of notice of his prior state conviction. *See*, *e.g.*, *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015). In any event, even if the lack of notice constituted a clear or obvious error, Webb has failed to show that such error affected his substantial rights. *See United States v. McDowell*, 973 F.3d 362, 365–66 (5th Cir. 2020).

Regarding Webb's arguments challenging the district court's imposition of the sex offender-related supervised release conditions, "[we] review[] properly preserved objections to the imposition of conditions of supervised release for an abuse of discretion." *United States v. Salazar*, 743 F.3d 445, 448 (5th Cir. 2014). However, if a defendant fails to preserve his challenge, "this court applies a plain error standard of review." *Id.*; *see also Puckett*, 556 U.S. at 135. To the extent Webb argues on appeal that the sex offender-related conditions are not reasonably related to the statutory sentencing factors because his federal offense was not a sex offense and his supervised release violations were not sex offenses, we review for abuse of discretion. *See Salazar*, 743 F.3d at 448; *United States v. Nesmith*, 866 F.3d 677, 679 (5th Cir. 2017). Webb has also preserved his argument that the district court erroneously failed to explain the imposition of the conditions;

therefore, our review is for abuse of discretion. *See United States v. Iverson*, 874 F.3d 855, 861 (5th Cir. 2017); *Salazar*, 743 F.3d at 448.

First, the district court did not abuse its discretion by imposing the sex offender-related conditions based on Webb's prior state conviction when neither Webb's federal offense nor supervised release violations were sex offenses. *See Salazar*, 743 F.3d at 448; *see also* 18 U.S.C. §§ 3553(a), 3583(d)(1); *United States v. Fields*, 777 F.3d 799, 803 (5th Cir. 2015). Next, the conditions imposed were reasonably related to Webb's history and characteristics, one of the statutory sentencing factors. *See* § 3553(a)(1); *Salazar*, 743 F.3d at 451; *see also Iverson*, 874 F.3d at 861–62. Finally, although the district court failed to provide a detailed explanation for imposing the conditions, the court's reasoning justifying the sex offender-related conditions can be inferred from the record. *See Iverson*, 874 F.3d at 861; *see also United States v. Caravayo*, 809 F.3d 269, 275 (5th Cir. 2015). The district court therefore did not abuse its discretion in imposing the conditions. *See Salazar*, 743 F.3d at 451. The judgment of the district court is AFFIRMED.

As a final consideration, Federal Rule of Appellate Procedure 10(e)(2) allows for the supplementation of the record "[i]f anything material to either party is omitted from or misstated in the record by error or accident." The state court documents that the Government moved to include in the record are relevant to an issue raised on appeal and involve Webb's prior state conviction, which the district court considered in imposing special conditions of supervised release. *See* Fed. R. App. P. 10(e)(2); *United States v. Smith*, 493 F.2d 906, 907 (5th Cir. 1974). The supplementation of the record with the state court documents of Webb's prior state sex offense conviction was therefore proper. *See* Fed. R. App. P. 10(e)(2); *Smith*, 493 F.2d at 907. Webb's motion for this court to reconsider its decision granting the Government's motion to supplement the record on appeal is therefore

No. 23-50464

DENIED, and the Government's alternate motion for judicial notice is DENIED as moot.