# United States Court of Appeals for the Fifth Circuit

―――――――――

No. 25-50248
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
June 23, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Humberto Yosvany Arriola-Rivero,

*Defendant—Appellant*.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:23-CR-961-5

―――――――――――――――――――――――

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Humberto Yosvany Arriola-Rivero pleaded guilty to one count each of conspiracy to transport illegally present aliens and conspiracy to harbor illegally present aliens. *See* 8 U.S.C. § 1324. The district court determined that an upward variance to 111 months in prison, above the range of 30 to 37

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

months, was appropriate, in part because Arriola-Rivero sexually assaulted one of the women he was illegally harboring and transporting.

Arriola-Rivero first argues that this court should hold this matter in abeyance and remand to the district court for expansion of the record with newly discovered evidence, which he contends exonerates him from the accusation of sexual assault. We discern no reason to enlarge the record or direct the district court to do so under the circumstances of this case. *See Kemlon Prods. & Dev. Co. v. United States*, 646 F.2d 223, 224 (5th Cir. 1981); *United States v. Smith*, 493 F.2d 906, 907 (5th Cir. 1974).

Next, Arriola-Rivero contends that his sentence is substantively unreasonable because the court improperly gave weight to the sexual assault. His argument, however, is that the court made an erroneous factual finding, that he committed the assault, which is a procedural rather than substantive issue. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

We review a district court's factual findings for clear error and will uphold the fact-finding "as long as it is plausible in light of the record as a whole." *United States v. Martinez*, 131 F.4th 294, 319 (5th Cir. 2025) (internal edits removed and citation omitted). The district court's determinations were plausible and not clearly erroneous in light of the evidence, which included statements of the victim and a witness, as well as a hospital discharge summary documenting the assault. This evidence was supported by sufficient indicia of reliability, and Arriola-Rivero offered no rebuttal evidence. *See United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013); *United States v. Gaytan*, 74 F.3d 545, 558 (5th Cir 1996). For the same reasons, to the extent he challenges the findings supporting the enhancement under U.S.S.G. § 2L1.1(b)(7) for serious bodily injury, which is unclear from his opening brief, his argument is unavailing.

No. 25-50248

Finally, Arriola-Rivero appeals the district court's denial of his request for an evidentiary hearing on the accusation. We review for abuse of discretion. *United States v. Barnes*, 979 F.3d 283, 310 (5th Cir. 2020). Generally, "there is no abuse of discretion when a defendant has an opportunity to review the PSR and submit formal objections to it." *Id.* That is the case here, where Arriola-Rivero had ample opportunity to present evidence to the district court and offers only speculation as to what an evidentiary hearing might have revealed.

Arriola-Rivero generally challenges the fact that an exculpatory DNA report was not presented to the district court. But we cannot consider that contention. As the Government correctly argues, the proper vehicle for Arriola-Rivero to collaterally attack his sentence, subject to a one-year statute of limitations, is a motion under 28 U.S.C. § 2255.

AFFIRMED.